STATE OF NEBRASKA, APPELLEE, v. PATRICK L. SMITH, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. ALVIN E. DYE, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. GARY ALLEN BOVEE, APPELLANT.

224 N. W. 2d 537

Filed December 26, 1974. Nos. 39560, 39567, 39568.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellants.

Clarence A. H. Meyer, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

Boslaugh, J.

The defendants in these cases were charged separately with forcible rape and kidnapping. Since the crimes arose out of one transaction the cases were consolidated for trial on the motion of the county attorney. The jury returned separate verdicts of guilty as to each defendant on both counts. The defendants have appealed and the cases have been consolidated for briefing and argument in this court. The assignments of error relate to the sufficiency of the evidence and the rulings on motions for a mistrial.

The record shows the defendants were driving north on 30th Street in Omaha, Nebraska, in an automobile operated by Larry Harmer at about 4 p.m., on August 28, 1973, when they saw the prosecuting witness, Carol, leave a drugstore and walk west on Huntington Avenue. Harmer turned the car around and drove up to where Carol was walking. On the pretext of asking for directions the defendants stopped Carol and engaged her in conversation. Two of the defendants grabbed Carol and forced her into the back seat of the automobile. When she tried to resist, Bovee held her from behind while Dye struck her about the face and head. When Dye struck her, Carol attempted to dig her fingernails into his neck.

After Carol was in the automobile, Harmer made a right turn and drove north out of Omaha at a speed in excess of the limit, passing several stop signs without stopping. The automobile was noticed at this time by a witness who reported the license number to the police. This witness stated the person riding in the center of the back seat seemed to be "scrunched down."

Harmer drove to a wooded area north of Omaha and turned off onto a jeep or motorcycle trail. Carol was ordered to remove her clothes and each defendant and

Harmer then had sexual intercourse with her one or more times. The defendants finally left the area late in the afternoon. Carol walked back to the road and found a house where she stated to the people there she had been raped and asked to use the telephone. She called her parents who took her directly to a hospital where she was examined and treated. The police were notified and an investigation was commenced.

The defendants contend the evidence of the State was not sufficient to show the rape was forcible and against the will of the prosecutrix because of the absence of resistance. The defendants' evidence was that Carol was a willing participant. The jury found otherwise and the issue here is whether the evidence was sufficient to support a finding of forcible rape.

A victim of forcible rape is only required to make reasonable resistance in good faith under all the circumstances, and such that nonconsent and actual opposition are genuine and real. State v. Campbell, 190 Neb. 22, 206 N. W. 2d 53. A woman is not required to subject herself to threatened serious bodily harm or death by resisting to the utmost of her physical ability so long as she has strength to do so. Where resistance would obviously be useless, futile, or foolhardy the utmost physical resistance is not required as proof of opposition and lack of consent.

The evidence in this case was such that the jury could find the prosecuting witness was abducted by four young men and forced to have intercourse with them. When she refused to enter the car voluntarily and resisted the efforts of two of them to force her into the car, she was held by one and struck by the other. She was struck on the jaw, mouth, and temple. At the hospital an X-ray examination was made of her jaw. The doctor found a contusion on the right side of her face which was visibly swollen, quite tender, and moderately discolored. The doctor testified this contusion was the re-

sult of a substantial blow. She also had a small laceration on the lateral aspect of her right upper lip.

The defendants emphasize the absence of evidence of threats or the use of weapons after the abduction had occurred. The answer to this argument lies in the fact the defendants had already demonstrated the force they were willing to use to overcome any resistance on the part of the prosecutrix. She was hopelessly outnumbered and had no real opportunity to escape after she had been forced into the car. The evidence was sufficient to present a question for the jury on the issue of reasonable resistance under all the facts and circumstances.

During cross-examination of the prosecuting witness by counsel for Dye and Bovee, reference was made to her testimony at the preliminary hearing. Upon objection by the State, the trial court stated that the only proper use of the transcript of the testimony was to read the questions and answers to the witness. Later, after further reference to the testimony at the preliminary hearing during redirect and recross-examination, the trial court stated: "In the first place, if you're going to keep on referring to the preliminary hearing, I'm going to put the whole thing in the evidence." The defendants argue this comment reflected on defense counsel and a mistrial should have been granted.

The general conduct of the trial rests largely in the sound discretion of the trial court. This includes the examination of witnesses and the use of transcripts from other proceedings for the purpose of impeachment. See Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466. It was within the discretion of the trial court to limit the examination of the prosecutrix on this one phase of the case. We find no prejudice to the defendants in the comment of the trial court.

During the trial the defendants requested the State be ordered to produce the outer clothing worn by the

prosecuting witness at the time of the event. The items in question consisted of a tee shirt or short sleeved sweat shirt and cut-off jeans. Upon objection by the State that the clothing was irrelevant the request was refused.

The items of clothing as evidence were not relevant in any way. At best they would have been cumulative. There was no prejudice to the defendants because they were allowed to examine the prosecuting witness as to her clothing and to testify concerning it.

There being no error, the judgment of the District Court in each case is affirmed.

AFFIRMED.