STATE OF NEBRASKA, APPELLEE, V. TONY J. PANKEY, APPELLANT.

276 N. W. 2d 233

Filed March 13, 1979. No. 42100.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

The defendant herein was charged with three counts of first degree sexual assault and one count of kidnapping. After trial to a jury, the defendant was found guilty and sentenced to a term of 1 to 3 years on each of the sexual assault counts and to a minimum term of 3 years on the kidnapping count.

The defendant appealed to this court arguing three assignments of error: (1) That the District Court committed reversible error in refusing to allow the defendant to introduce into evidence previous sexual conduct of one of the prosecutrixes, (2) that the District Court committed reversible error in failing to dismiss kidnapping charges against the defendant, and (3) that the District Court committed reversible error in overruling defense motions for a directed verdict for the reason that the evidence was insufficient as a matter of law to show nonconsent by the prosecutrixes. We reject all three arguments and affirm.

We treat the assignments in reverse order. With regard to the third assignment of error, little purpose would be served, either in this case or for future cases, to set out at length the sordid details of the crime. Suffice it to say that if the jury believed the State's evidence, it was more than ample to convict the defendant of the crimes charged. The evidence was sufficient to show that the defendant, together with two other males, held two young women against their will for several hours and during that time, committed repeated acts of criminal assault upon them. During the course of the evening, one of the prosecutrixes escaped from the home in which they were being held and ran nude through the

streets until she came upon a strange home where she sought help. That behavior hardly seems consistent with consent. The other prosecutrix escaped later in the morning and when contacted by the police, was in a hysterical and shaken condition, likewise not consistent with the claim of consent. The evidence discloses that there also was present in the home a Doberman pinscher which the young women had been advised would kill on command.

Where resistance would obviously be useless, fruitless, or foolhardy, it is wholly unrealistic to require affirmative direct demonstration of the utmost physical resistance as proof of the females' opposition and lack of consent. It is only required that the female make reasonable resistance in good faith under all the circumstances, and that the resistance be such as to make nonconsent and actual opposition genuine and real. State v. Parker, 196 Neb. 762, 246 N. W. 2d 210; State v. Smith, 192 Neb. 794, 224 N. W. 2d 537.

In any event, a question of fact as to the issue of consent was created.

In determining the sufficiency of evidence to sustain a conviction, however, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. State v. Spidell, 194 Neb. 494, 233 N. W. 2d 900; State v. Brown, 195 Neb. 321, 237 N. W. 2d 861. The verdict of a jury must be sustained if taking the view most favorable to the State, there is sufficient evidence to support it. State v. Johnsen, 197 Neb. 216, 247 N. W. 2d 638; State v. Partee, 199 Neb. 305, 258 N. W. 2d 634. Defendant's assignment of error, therefore, must be rejected.

Defendant's second assignment of error is likewise without merit. Defendant would have us declare that where an individual is held against his will for the purpose of committing another crime, the crime

of kidnapping should not exist. We have previously considered that argument and rejected it. In State v. Goham, 187 Neb. 34, 187 N. W. 2d 305, we said, "The purpose of kidnapping in every instance is to make it possible to commit some other crime. Its very nature therefore embraces other crimes as well as that of kidnapping. The penalties of kidnapping are intentionally more severe than the other crimes which may be included because of the consequences which often result from its perpetration." We find no basis to depart from that position and defendant's error in this regard is likewise found to be without merit.

Finally, the defendant maintains that the trial court erred in not permitting the defendant to introduce into evidence the fact that one of the prosecutrixes had 6 days earlier reported that she had been raped and thereafter did not proceed with the prosecution. Under the provisions of section 28-408.05, R. R. S. 1943, the trial court held an in camera proceeding to determine the admissibility of the evidence. The defendant sought to introduce in evidence a police report provided by the Council Bluffs, Iowa, police department, in which one of the prosecutrixes reported that 6 days prior to the incidents involved in this action, she had been raped. Thereafter, she refused to proceed with the prosecution and the matter was dropped.

Section 28-408.05 (3), R. R. S. 1943, provides: "Specific instances of prior sexual activity between the victim and any other person other than the defendant shall not be admitted into evidence in prosecutions under sections 28-401, 28-408.01 to 28-408.05, 28-409, and 28-929, unless consent by the victim is at issue, when such evidence may be admitted if it is first established to the court at an in camera hearing that such activity shows such a relation to the conduct involved in the case and tends to establish a pattern of conduct or behavior on the part of the vic-

tim as to be relevant to the issue of consent." The trial court advised the defendant's counsel that if evidence could be produced to show that the reported incident in fact was voluntary and not a rape, he would consider permitting the evidence to be introduced. The trial court, however, correctly pointed out to the defendant's counsel that the mere fact an individual had been raped or claimed to have been raped 6 days earlier would not constitute relevant evidence as to the past sexual conduct of the victim. The fact that the prosecutrix may have suffered similar misfortune within just several days of the incident involved herein might establish her bad luck, but certainly would not establish her past sexual conduct within the meaning of section 28-408.05, R. R. S. 1943. In the absence of any evidence by anyone, including the alleged attacker, that the previous incident was voluntary and with consent, such fact would not be properly admissible to establish relevant evidence concerning the past sexual conduct of the victim.

In view of the fact that the defendant's assignments of error are without merit, we must reject his appeal and affirm the judgment. The judgment of the District Court is affirmed.

AFFIRMED.