STATE OF NEBRASKA, APPELLEE, V.
KENNETH D. HITT, APPELLANT.

301 N.W.2d 96

Filed January 23, 1981. No. 43084.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was found guilty by a jury of first degree sexual assault and sentenced to imprisonment for 1 year.

The defendant had custody of his two sons for a period of several months in 1978 and 1979 by arrangement with his divorced wife. The defendant was charged with first degree sexual assault on his 11-year-old son, which allegedly occurred on or about March 27, 1979. The victim testified that he was forced to engage in oral sex acts with the defendant. The boy testified that such acts had occurred repeatedly over a long period of time and that he never complained to anyone because he was afraid of his father, who had threatened him with physical harm if he told anyone. The victim's 8-year-old brother also testified that he had been present when the defendant had forced his brother to engage in sexual conduct. He also testified that the defendant had engaged in the same conduct with him on at least one occasion. The younger boy was also afraid of his father, but he did ultimately complain to his schoolteacher and his grandmother.

The schoolteacher testified that on March 27, 1979, she noticed burn marks on the younger boy's face and that his knees were swollen and black and blue. The boy's explanation was that his father had burned him with a match, hit him on the knees with a hammer,

and engaged in sexual conduct with him. The boy testified to the same effect at trial. The teacher's complaint to the police led to the investigation which resulted in the charge.

The defendant testified and denied any sexual misconduct with either of the boys and denied ever striking either boy on the knees or in the face, but admitted striking them with a belt and a paddle. The jury found the defendant guilty. He was sentenced to 1 year imprisonment, with credit for extended jail time, and this appeal followed.

Initially, the defendant asserts that evidence that he struck his older son with a paddle and hit his younger son on the knees with a hammer and burned him with a match constituted evidence of other crimes or acts which should have been excluded. In this case the evidence was offered to corroborate the testimony that the boys were afraid of their father, and to establish the fact that their fears were real and not imaginary. It was also offered to explain the failure to make a prompt complaint. While evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Neb. Rev. Stat. § 27-404(2) (Reissue 1979). The responsibility for maintaining the delicate balance between the probative and prejudicial effect of evidence lies largely within the discretion of the trial court. *State v. Williams*, 205 Neb. 56, 287 N.W.2d 18 (1979).

The defendant also contends that in sexual assault cases evidence of similar sexual acts with third persons other than the complaining witness is not admissible. Evidence of other crimes may be admitted in a criminal prosecution where the evidence is so related in time, place, and circumstances to the offense or offenses charged so as to have substantial

probative value in determining the guilt of the accused. The balancing of the need for other-crimes evidence against the possible prejudice to the defendant is within the appropriate discretion of the trial court. *State v. Williams, supra.*

This court has also held that evidence of other criminal acts which involve or explain the circumstances of the crime charged, or are integral parts of an overall occurrence or transaction, may be admissible. It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged, even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes. See, *State v. Williams, supra; State v. Nielsen,* 203 Neb. 847, 280 N.W.2d 904 (1979). In the present case the evidence of sexual conduct with the younger son was, in effect, part of a continuous pattern of conduct by the defendant toward both of his sons and tended to establish motive, opportunity, intent, preparation, plan, and knowledge. See, for example, *Onstott v. State,* 156 Neb. 55, 54 N.W.2d 380 (1952).

Sexual crimes have consistently been classified as those in which evidence of other similar sexual conduct has been recognized as having independent relevancy, and courts generally hold that evidence of other sex offenses by the defendant may be admissible, whether the other offense involves the complaining witness or third parties. See, Annot., 167 A.L.R. 565 (1947); Annot., 77 A.L.R.2d 841 (1961); McCormick on Evidence § 190(c)(4) (2d ed. 1972); *State v. Williams, supra.* The District Court did not abuse its discretion in admitting evidence of sexual conduct with the younger son.

Finally, the defendant contends that the testimony of the younger boy should have been excluded because he was only 8 years old and his functional mental age was estimated to be from 3 to 5 years. It

is well established in this state that the competency of a child to act as a witness depends upon his capabilities and intelligence and his understanding of the difference between truth and falsehood. In the case at bar the trial court, out of the presence of the jury, questioned the boy at length in order to ascertain his capabilities, intelligence, and understanding. The record is persuasive that the boy had sufficient intelligence and understanding to act as a witness, and understood the difference between truth and falsehood and the importance of telling the truth. The question of the competency of a witness to testify rests largely in the sound discretion of the trial court and the court's determination will not be disturbed in the absence of a clear abuse of discretion. *Skelton v. State*, 148 Neb. 30, 26 N.W.2d 378 (1947). There was no abuse of discretion in the case now before us.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in result.