STATE OF NEBRASKA, APPELLEE, V.
ROBERT E. SCOTT, APPELLANT.

318 N.W.2d 94

Filed April 9, 1982. No. 44512.

James E. Schaefer, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

WHITE, J.

This is an appeal from a jury verdict finding the defendant, Robert E. Scott, guilty of burglary in violation of Neb. Rev. Stat. § 28-507 (Reissue 1979). The defendant was also found to be an habitual criminal

as defined in Neb. Rev. Stat. § 29-2221 (Reissue 1979). After overruling a motion for new trial, the court sentenced the defendant to an indeterminate sentence of not less than 10 years nor more than 20 years at hard labor in the Nebraska Penal and Correctional Complex. Defendant has appealed to this court and we affirm.

The defendant assigns the following errors: (1) The trial court committed reversible error in allowing the State to obtain a conviction based on evidence which was irrelevant and/or highly prejudicial; and (2) The trial court erred in overruling defendant's motion to dismiss based on the insufficiency of the evidence.

On April 3, 1981, Expressions by Tober's, a dress shop located in the Park Drive Shopping Center in Omaha, Nebraska, was burglarized. Officer Robert Wolf, a detective in the burglary unit of the Omaha Police Department, was called to Tober's at approximately 3 a.m. to investigate the burglary. While en route to Tober's, Officer Wolf observed an automobile with clothing stacked on the back seat. The vehicle entered Interstate 80 eastbound from 84th Street. Officer Wolf followed the vehicle to the 60th Street exit. The vehicle left the Interstate at the 60th Street exit and proceeded north on 60th Street. Officer John Car, Jr., a uniformed patrolman responding to a call for assistance by Wolf, intercepted the vehicle on 60th Street and attempted to stop it. The vehicle sped up and Officer Car gave chase. In the area of 60th and Hickory Streets, the vehicle slowed and the driver and passenger jumped out, running in opposite directions. Officer Car stopped his vehicle and chased the passenger. Officer Wolf followed the moving vehicle for another 3 blocks where it came to rest after striking a street sign. Approximately ½ hour later, Officer Car observed the passenger standing behind some bushes next to a house. The passenger was arrested and identified

as Beverly Gandy Turner. The driver was never located.

At trial there was extensive testimony by the officers involved in the investigation as to the condition of the burglary scene and the identification of the automobile and clothing. The manager of Tober's also testified as to the condition of the store after the burglary and the identification of the stolen clothes found in the vehicle.

The most damaging testimony to the defendant was elicited from Ms. Turner. Ms. Turner testified that she lived at 4123 D Street with the defendant and that she had known him for many years. Ms. Turner had been convicted of a felony and several misdemeanors and was a known prostitute. Turner testified that on April 2, 1981, she had been in the hospital after having her tonsils removed and she was picked up by the defendant and a friend at the hospital in the automobile involved in the Tober's burglary. She was taken to her home. At approximately 11 p.m., she left with the defendant, dressed in the same surgical pants and top and leather jacket she was arrested in. Turner testified that she and the defendant drove to the Bel Air Plaza in West Omaha where the defendant got out of the car and looked at Genie's Dress Shop, which was closed. Defendant looked around and then got back in the automobile and went to the Bel Air Fashions for Men in the same shopping center. From there they went to Krug Men and Boys Shop on Pacific Street. After looking around there they proceeded to Crandell's and then proceeded to the Park Drive Shopping Center on 84th Street. The automobile was parked and they both went to sleep for a short time.

Turner testified that when she awoke, defendant pulled the automobile over in front of Tober's and lifted the hood. He went over to the front door of Tober's and broke the glass out with a tire iron. He then went into the shop three times and brought out

clothes each time, laying them on the back seat of the automobile. She then testified that after he got back into the automobile they proceeded north to Interstate 80 and then headed eastbound on Interstate 80. Turner related the same events regarding the chase as the officers did. She also testified that she had been with the defendant on one other occasion when he had broken the window of the Bel Air Fashions for Men and stolen some clothes.

At the trial there was also testimony by Officer Patrick Kuhl and Officer Richard J. Mahoney as to the condition of the license plates on the automobile on prior occasions. On the occasion that Officer Kuhl observed the same vehicle, the defendant was also driving.

Six witnesses testified on behalf of the defendant. Debra Wilson testified that she was the defendant's girl friend, and that she, along with defendant's sister, Caroline Scott, and the defendant, went to Rita Smith's house on April 2, 1981, for a birthday party. Wilson testified that they arrived at 9:30 p.m. and stayed until 3 a.m., at which time they went to Perkins restaurant for breakfast. She also testified that the defendant was with her until 8 a.m. the morning of April 3, 1981. Wilson also testified to the fact that she had only told the defense about the birthday party the week before the trial.

Rita Smith testified that her birthday was on April 9, but that she celebrated it on April 2. She, along with the other defense witnesses, testified that they were with the defendant at her birthday party at the time of the crime.

Defendant contends that the testimony by Ms. Turner of other occasions she had been with the defendant when he burglarized clothing stores was irrelevant and highly prejudicial. The statutory rule with regard to admissibility of such evidence is: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order

to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'' Neb. Rev. Stat. § 27-404(2) (Reissue 1979).

The evidence of which the defendant complains is that of Ms. Turner's when she testified that she had been with the defendant on other occasions when he drove up to clothing stores that were closed and burglarized them, and testimony of Ms. Turner regarding the casing of other clothing stores prior to the break-in of Tober's.

The evidence of ''other crimes'' was introduced to show the plan or scheme or modus operandi of the defendant.

In *State v. Williams,* 205 Neb. 56, 287 N.W.2d 18 (1979), it was said that the responsibility for maintaining delicate balance between the probative and prejudicial effect of evidence lies largely within the discretion of the trial court. The evidence of other crimes may be admitted in a criminal prosecution where the evidence is so related in time, place, and circumstances to the offense or offenses charged as to have substantial probative value in determining the guilt of the accused. The balancing of the need for ''other-crimes'' evidence against the possible prejudice to the defendant is within the appropriate discretion of the trial court. See, *State v. Hitt,* 207 Neb. 746, 301 N.W.2d 96 (1981); *State v. Nielsen,* 203 Neb. 847, 280 N.W.2d 904 (1979).

This court has also held that evidence of other criminal acts which involve or explain the circumstances of the crime charged, or are integral parts of an overall occurrence or transaction, may be admissible. It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is

charged, even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes. See, *State v. Hitt, supra; State v. Nielsen, supra; State v. Williams, supra.*

In the present case the evidence elicited from Ms. Turner regarding other occasions in which she had been with the defendant when he had burglarized clothing stores, and the evidence regarding the casing of other clothing stores the same night as the burglary of Tober's, shows a continuous pattern of conduct by the defendant and establishes his motive, opportunity, intent, preparation, plan, knowledge, and modus operandi. The District Court did not abuse its discretion in admitting this evidence.

The defendant also contends that the evidence adduced at trial was insufficient to convict him of burglary. In determining the sufficiency of evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. The verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Pankey,* 202 Neb. 595, 276 N.W.2d 233 (1979).

In the present case there was ample evidence for the jury to find the defendant guilty of the offense charged. It heard the witnesses, passed upon their credibility, and resolved the conflicts in the evidence against the defendant. Its verdict should stand. The judgment and sentence upon a jury verdict finding the defendant guilty are hereby affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurring in part, and in part dissenting.

I concur in the result reached in this case because I believe that the direct evidence concerning Scott's involvement in the charged offense was overwhelming.

For reasons, however, more particularly set out in my dissent in *State v. Ellis,* 208 Neb. 379, 303 N.W.2d 741 (1981), I must disagree with that portion of the majority's opinion which finds that it was proper for the witness Turner to be permitted to testify that she had been with the defendant on one other occasion when he had broken the window of the Bel Air Fashions for Men and stolen some clothes. It is not sufficient for the prosecution to simply offer evidence of other crimes on the general claim that in some manner it is offered for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, *and* modus operandi. In fact, it must be offered for a specific purpose and the prosecution must be able to establish in advance what that purpose is. To take any other position is to simply repeal the first portion of Neb. Rev. Stat. § 27-404(2) (Reissue 1979), which provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."