STATE OF NEBRASKA, APPELLEE, V. RYAN T. ROBB, APPELLANT.
395 N.W.2d 534

Filed October 31, 1986.    No. 85-995.

William G. Line of Kerrigan, Line & Martin, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Ryan T. Robb, was convicted of two counts of theft by the unlawful taking on each occasion of property having a value in excess of $1,000, all in violation of Neb. Rev. Stat. § 28-511(1) (Reissue 1985). His assignments of error claim (1) that the trial court abused its discretion by admitting evidence concerning an earlier theft by Robb and (2) that the evidence is insufficient to support the convictions. We reverse and remand for a new trial.

Robb was employed as the manager of the Fremont Village Inn Pancake House, a restaurant, from July of 1984 to February 12, 1985. The restaurant's daily receipts were recorded by cash registers and reported to Vicorp Restaurants, Incorporated, its corporate owner, by weekly sales reports prepared by other employees and approved by Robb. Deposit slips for the receipts were prepared in duplicate twice daily by other employees and a copy of the deposit slips forwarded to the restaurant's owner. Pending deposit, the receipts were kept in a safe, to which a number of persons had access. Only Robb, however, deposited the receipts in the restaurant's account at a Fremont bank.

The owner, as the result of information provided to it by a restaurant employee, caused an audit to be made of the restaurant's financial activities. The audit revealed that the restaurant's receipts, $2,805.46 for February 9, 1985, and $2,374.65 for February 10, 1985, for which deposit slips had been prepared, were not deposited in the restaurant's bank account. When confronted with that fact by the owner's auditor on February 12, 1985, a Tuesday, Robb stated, "The bank must be wrong, because I made last weekend's deposit on Monday." Robb, however, rejected the auditor's request that they go to the bank and see if they could "get this straightened out," left the restaurant's keys with the auditor, and departed from the premises, never to return.

One of the State's witnesses in chief testified that he had employed Robb as the manager of a fast-food restaurant in Omaha from approximately June through October of 1982. Upon confrontation, Robb admitted that during that employment he had stolen "something over" $2,000 and ultimately made restitution for $3,300. After establishing through cross-examination that the money had not been taken through the failure to deposit receipts, for which deposit slips had been prepared by others, Robb moved to strike this witness' testimony and instruct the jury to disregard the testimony. The trial court overruled those motions.

Robb maintains that Neb. Rev. Stat. § 27-404(2) (Reissue 1985) prohibits the introduction of the foregoing evidence and that the trial court abused its discretion by overruling his

motions. Section 27-404(2) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We have held § 27-404(2) to be an inclusionary rule permitting the use of relevant, specific acts for all purposes except to prove the character of a person in order to show that such person acted in conformity with that character. Thus, § 27-404(2) permits evidence of other acts if such acts are relevant for any purpose other than to show defendant's propensity or disposition to commit the crime charged. *State v. Hunt*, 220 Neb. 707, 371 N.W.2d 708 (1985); *State v. Stewart*, 219 Neb. 347, 363 N.W.2d 368 (1985); *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985).

In making its rulings the trial court indicated the evidence of Robb's earlier theft was admissible because it bore on his intent to commit the crime for which he was being tried.

Intent is the state of mind operative at the time of an action. *State v. Stewart, supra*. It may be inferred from the words and acts of the defendant and from the facts and circumstances surrounding his or her conduct. *State v. Ewing*, 221 Neb. 462, 378 N.W.2d 158 (1985). See, also, *State v. Beard*, 221 Neb. 891, 381 N.W.2d 170 (1986). Moreover, the law presumes that one of sound mind intends the obvious and probable consequences of his or her voluntary acts. *State v. Vosler*, 216 Neb. 461, 345 N.W.2d 806 (1984).

There was no defense raised or evidence presented in this case which attempted to establish that if defendant took the February 9 and 10 receipts, his intent could not be inferred from that fact. That being so, the evidence of his prior theft cannot be said to have been introduced to show his intent to commit the thefts which are the subject of this case. In truth and fact, the evidence of his prior theft bore not on Robb's intent at the time of the thefts in question but, rather, on his propensity or disposition to commit those crimes. The evidence of his prior theft was therefore evidence of his character. As such, the trial

court abused its discretion in overruling Robb's motions to strike that evidence and to admonish the jury to disregard it. Given the nature of the evidence concerning whether Robb took the receipts in question, it cannot be said the error in overruling his motions was harmless beyond a reasonable doubt.

Having come to that conclusion, we need not consider whether there were or were not sufficient similarities between the prior theft and the subject crimes as to make the evidence relevant, or whether, even if relevant, the nature of the evidence was such as to require its exclusion under the provisions of Neb. Rev. Stat. § 27-403 (Reissue 1985) as presenting a danger of unfair prejudice to the defendant which substantially outweighed its probative value. Neither do we need concern ourselves with Robb's second assignment of error.

The judgments and sentences of the district court are each reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

BOSLAUGH, J., dissenting in part.

I dissent from that part of the opinion which holds that the evidence concerning the defendant's prior offense was not admissible.

The opinion states that evidence of the prior theft cannot be said to have been introduced to show the defendant's intent at the time of the recent theft because intent is inferred from the words and acts of the defendant and the facts and circumstances surrounding his conduct. On that theory, evidence of prior acts could never be admissible as proof of intent. The rule is to the contrary.

The general rule is that evidence of similar offenses is admissible where an element of the crime charged is motive, a particular criminal intent, or guilty knowledge. *State v. Franklin*, 194 Neb. 630, 234 N.W.2d 610 (1975). The rule was codified when Neb. Rev. Stat. § 27-404(2) (Reissue 1985) was adopted.

It is clear that intent is a material element of theft by unlawful taking or disposition. Neb. Rev. Stat. § 28-511(1) (Reissue 1985).

In *State v. Stewart*, 219 Neb. 347, 351, 363 N.W.2d 368, 371

(1985), we stated:

> We have previously dispelled the erroneous notion that Rule 404(2) of the Nebraska Evidence Rules (Neb. Rev. Stat. § 27-404(2) (Reissue 1979)) contains pigeonholes for admission of evidence pertaining to "other acts." Rule 404(2) of the Nebraska Evidence Rules is an inclusionary rule permitting the use of relevant, specific acts for all purposes except to prove character of a person in order to show that such person acted in conformity with character. Thus, Rule 404(2) permits evidence of other acts if such acts are relevant for any purpose other than to show a defendant's propensity or disposition to commit the crime charged. *State v. Craig, ante* p. 70, 361 N.W.2d 206 (1985).

In *State v. Hitt*, 207 Neb. 746, 749, 301 N.W.2d 96, 99 (1981), we stated:

> It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged, even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes.

The rationale for the rule that evidence of other acts is admissible as proof of intent is stated in 2 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 404[12] at 404-84, 404-87 (1986), as follows:

> Criminal intent has been defined "as that state of mind which negatives accident, inadvertence or casualty." Consequently, evidence of another crime which tends to undermine defendant's innocent explanation for his act will be admitted; "the oftener a like act has been done, the less probable it is that it could have been done innocently." Repetition affords an "opportunity for reflection and for foresight of the consequences," so that even if defendant did not possess the requisite intent initially, it may be inferred that after being involved in a number of incidents, he must have arrived at a mental state inconsistent with innocence by the time of the charged act.

In 2 J. Wigmore, Evidence in Trials at Common Law § 302 at 241 (J. Chadbourn rev. 1979), the theory of the rule is stated as

follows:

> In short, similar results do not usually occur through abnormal causes; and the recurrence of a similar result (here in the shape of an unlawful act) tends (increasingly with each instance) to negative accident or inadvertence or self-defense or good faith or other innocent mental state, and tends to establish (provisionally, at least, though not certainly) the presence of the normal, i.e., criminal, intent accompanying such an act; and the force of each additional instance will vary in each kind of offense according to the probability that the act could be repeated, within a limited time and under given circumstances, with an innocent intent.

As the majority opinion indicates, the defendant in this case, when confronted about the missing deposits, claimed that "[t]he bank must be wrong, because I made last weekend's deposit on Monday." In my opinion, evidence of the defendant's prior offense was admissible as proof of motive, intent, plan, and absence of mistake or accident.

HASTINGS, J., joins in this dissent.