**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Robert Craig ITZEN, Defendant and Appellant.**

**No. 16303.**

Supreme Court of South Dakota.

Considered on Briefs March 23, 1989.

Decided Sept. 6, 1989.

R. Shawn Tornow, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Richard Braithwaite, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

Robert Itzen (Itzen) appeals from his conviction of intentional damage to property in the first degree in violation of SDCL 22-34-1. He was sentenced to eighteen months in the South Dakota State Penitentiary, the execution of said sentence suspended upon certain conditions. We reverse.

Itzen was a plaintiff in a personal injury action arising out of a vehicular accident. The defendants in that action were represented by a member of the Davenport law firm in Sioux Falls. Settlement negotiations proved fruitless and the action went to trial. On October 22, 1987, at about 3:30 p.m., the jury returned a verdict for Itzen in the amount of $13,000, a fraction of the monetary award sought.

The Davenport offices sustained glass damage on five separate occasions. The first occurred sometime between 9:00 p.m. and 11:00 p.m. on October 22, 1987. A member of the firm leaving the office that evening discovered that the glass panes in the south door were broken out and a "big hunk of concrete block" was inside the door. The second occurred sometime in the early morning hours of October 23, 1987. The police officer that had responded to the first incident discovered that a glass door at the east entrance had been broken and a cement block lay inside. This door had not been damaged in the first incident. Damage to both doors was repaired that morning.

On the afternoon of October 23, 1987, a secretary and an attorney from the Davenport firm heard glass breaking and saw that the east door had again been smashed. The secretary saw a man with "sandy

blonde" hair outside the south door with a brick in his hand. Both the secretary and the attorney ran outside and saw a blonde-haired man in a black trench coat in the parking lot. Later, they identified Itzen in a photo lineup as the man they had seen in the parking lot.[1] Two additional incidents of vandalism to the glass doors occurred during the evening hours of October 23, 1987, and the early morning hours of October 24, 1987. Each time a cement block was found inside.[2]

Itzen was arrested on October 24, 1987, and indicted by grand jury for injury to property in the first degree. The indictment provided in pertinent part: "That on or about the 23rd of October, 1987 in the County of Minnehaha, State of South Dakota, that [Itzen], then and there did intentionally injure, damage, or destroy private property, namely several windows in which other persons, Davenport Law Firm, have an interest,...." Itzen's request to represent himself as counsel was granted. However, court-appointed counsel, sat at counsel table interjecting objections, motions, and advising Itzen throughout the trial. The jury returned a verdict of guilty.

On appeal, Itzen raises three issues. Because we deem one issue as dispositive, we only discuss it, namely: Whether the trial court erred in admitting evidence as to all five incidents of vandalism as prior bad acts evidence.

Evidence of other bad acts is admissible under certain circumstances. SDCL 19–12–5 provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ There is no quarrel between the parties concerning the law. Pursuant to SDCL 19–12–5, evidence of other bad acts is not admissible to prove character. However, it may be admissible as proof of motive, intent or identity. The trial court must first determine if such evidence is relevant for one of these purposes and, if so, to balance the probative value against its prejudicial effect. *State v. Reutter*, 374 N.W.2d 617 (S.D.1985).

■ The trial court has wide discretion under this provision. Our standard of review is to determine whether the trial court abused its discretion in admitting evidence of other wrongs. *State v. Rose*, 324 N.W.2d 894 (S.D.1982). "The test is not whether judges of this court would have made an original like ruling, but whether they believe a judicial mind, in view of the law and the circumstances, could have reasonably reached that conclusion." *Id.* at 895–96.

The Davenport offices sustained damage on five separate occasions. Itzen was charged with and State intended to prove that Itzen committed the third incident. In a pretrial hearing, Itzen objected to the introduction of any evidence of any of the other incidents. The trial court ruled that it would allow such evidence, pursuant to SDCL 19–12–5, if State provided the foundation that Itzen was the actor in connection with those particular incidents. Itzen argues that the trial court ruled correctly initially. However, State offered no foundation that connects him with any other incidents. Therefore, by allowing the jury

---

1. The dissent appears to suggest that Itzen was identified as being at the scene on all five occasions. This is not the case. He was seen there only once.

2. The dissent suggests that some of the windows were broken with a wooden cane seized from Itzen's vehicle, thus connecting him to several of the uncharged incidents. No witness testified that in his or her opinion any of the breakage was caused by a cane. This, despite the prosecution calling the men who repaired the windows. There were wood fragments found in some of the glass, but contrary to the dissent's position, no witness connected these splinters to the cane seized from Itzen or, for that matter, gave any opinion about where these splinters came from. All any prosecution witness could say about the cane in question was that "a shiney, transparent material [was] imbedded in the damaged portion...." Not glass, as the dissent states, and certainly no evidence that the substance matched the damaged windows.

to consider evidence of the two prior incidents, the trial court improperly permitted them to draw the inference that Itzen participated in all three incidents of vandalism. We agree.

■ The theory underlying the exceptions in SDCL 19–12–5 is that, under certain circumstances, evidence that a defendant committed a certain bad act tends to identify him as the one who committed the crime in question or shows motive or intent for committing that crime. Necessarily, this requires that the prior bad acts must be those of the defendant.[3] State may not use evidence of prior bad acts unless there is evidence that the defendant was the actor in those prior bad acts.

■ After careful review of the record, we can find no direct evidence, introduced by State, that proves Itzen was the actor in the other incidents of vandalism. No witnesses were called to identify Itzen in connection with the two prior incidents. On these facts, it was an abuse of discretion to admit evidence concerning the prior incidents of vandalism. We reverse as to this issue.

WUEST, C.J., and HENDERSON, J., concur.

SABERS and MILLER, JJ., dissent.

SABERS, Justice (dissenting).

I would affirm this conviction for intentional damage to property under SDCL 22–34–1. The majority opinion views the evidence too narrowly and unnecessarily restricts proper evidence.

The essential facts are that defendant received an adverse jury verdict at 3:30 p.m. on October 22, 1987. Within thirty-six hours of the adverse jury verdict, the glass in the doors of the opposition law office was broken on five (5) separate occasions. On all five occasions, the glass appeared to be broken with a cement block or a wooden object. Defendant was identified as the man with sandy blond hair who was seen on the premises on the third occasion with a cement block in his hand. He wore a black trench coat. Defendant was seen leaving the premises getting into a car which was parked near the law office. The vehicle license number was copied, traced to defendant, and he was arrested shortly thereafter. Wooden splinters or residue which were found in the shattered glass on one occasion could have come from a wooden cane found in the front seat of defendant's car along with a black trench coat.

Itzen was charged with an indictment which provided in part "That *on* or *about* the 23rd of October ... [he] intentionally damage[d] ... private property, namely *several* windows [of] ... Davenport Law Firm[.]" (emphasis added).

The trial court ruled that the State could not show the extent of the damage or the cost of repairs of the other four incidents, but permitted evidence of all five incidents. However, at the outset, the trial court urged the defendant to move to strike the other incidents from the record if not connected to him. Although he made general objections to a few related questions, defendant did not move to strike these incidents from the record during the trial, nor did he request the court to instruct the jury to disregard this evidence. Consequently, the State contends "he has waived any objection on appeal." I agree. In effect, defendant has failed to have the trial court give a final ruling on the matter. SDCL 19–9–3; *State v. Jones*, 416 N.W.2d 875 (S.D.1987); *State v. Holter*, 340 N.W.2d 691 (S.D.1983). Defendant, who was acting "pro se,"[1] may have forgotten or he may have concluded that the State's evidence of all five incidents "within 36 hours of the adverse jury verdict was more than a mere

---

3. Even if one were to accept the dissent's "essentially contemporaneous acts" basis for admitting the uncharged incidents, to be relevent they still must be linked to Itzen. As was discussed in footnote 2, Itzen was never connected to these other incidents.

1. Neither the defendant nor the State should be penalized for defendant's choosing to act "pro se." Defendant should not receive preferential treatment on rulings such as this. The defendant received a "reasonably" fair trial, despite his repeated rejection of advice from his court-appointed counsel.

coincidence" and sufficiently connected him to all of them. In this context, the majority opinion fails to explain how evidence of these four other incidents were actually prejudicial to defendant if in fact the State failed to "connect" them to him.

Even more important is the fact that the trial court's initial ruling was partially in error because it "misses the mark" and was "too restrictive." The trial court and now the majority opinion incorrectly conclude that the State had to prove that defendant committed each separate incident to make them admissible. Just the opposite is true. The evidence of the other incidents were admissible because they tend to prove that defendant committed the third incident.[2]

This is not a "prior bad acts" problem under SDCL 19–12–5. This is simply a problem of relevancy. This is a series of similar events in a short period of time which were essentially contemporaneous. This evidence, though circumstantial, was relevant, material, and competent. Under such circumstances SDCL 19–12–5 is not implicated because "[e]vidence of 'an uncharged offense arising out of the same transaction or series of transactions as the charged offense is not an "extrinsic" offense within the meaning of rule 404(b) [SDCL 19–12–5]' and is thus admissible." *United States v. Simpson*, 709 F.2d 903, 907 (5th Cir.1983) (*quoting United States v. Gonzalez*, 661 F.2d 488, 493 (5th Cir. 1981)), *cert. denied*, 464 U.S. 942, 104 S.Ct. 360, 78 L.Ed.2d 322 (1983); *see also United States v. Leichtman*, 742 F.2d 598, 604 (11th Cir.1984). Accordingly, when evidence that is not part of the crime charged "forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury" admission is proper. *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir.

1985); *see also United States v. Currier*, 821 F.2d 52 (1st Cir.1987); *United States v. Brennan*, 798 F.2d 581 (2d Cir.1986); *United ed States v. Howard*, 504 F.2d 1281 (8th Cir.1974); *State v. Scott*, 211 Neb. 237, 318 N.W.2d 94 (1982). Moreover, admission of such evidence that completes the story is proper even though the evidence tends to show the commission of another offense. *Chase v. Crisp*, 523 F.2d 595, 600 n. 4 (10th Cir.1975), *cert. denied*, 424 U.S. 947, 96 S.Ct. 1418, 47 L.Ed.2d 354 (1976). In the present case, evidence of the uncharged incidents of glass damage is inextricably intertwined with the charged offense. A full account of the crime is not possible without reference to all incidents of damage. Thus, the uncharged offense cannot be considered "prior bad acts" within the scope of SDCL 19–12–5, and the challenged evidence is admissible.

Even if one were to conclude that this case presents a "prior bad acts" problem under SDCL 19–12–5, the evidence was admissible and not reversible error. The evidence was relevant under SDCL 19–12–1, more probative than prejudicial under SDCL 19–12–3, and materially at issue on the question of identity (and possibly motive) under SDCL 19–12–5. As indicated above, this was a series of similar events in a short period of time which were essentially contemporaneous.

This evidence was not being offered "to prove the character of [defendant] in order to show that he acted in conformity therewith" in violation of SDCL 19–12–5. It was offered as proper, relevant evidence to support the State's position that the defendant, and defendant only, was motivated to commit these acts of revenge. Therefore, the inference the jury was permitted to draw was proper, not improper. This evi-

---

2. The majority contends the evidence is irrelevant because Itzen was not connected to the uncharged incidents. However, to be relevant, evidence simply must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1. The evidence in question meets this requirement. For example,

whether Itzen caused the third incident of glass damage is a fact of consequence to the determination of this action. Evidence of the first incident shows that the incidents began within hours of the unfavorable jury verdict in Itzen's personal injury action. That evidence is relevant because it tends to make it more probable that Itzen, rather than someone else, caused the damage in the third incident.

dence was admissible and this conviction was proper.

MILLER, Justice (dissenting).

I respectfully dissent. Although I agree with Justice Sabers' recitation of the facts and his ultimate result, I would vote to affirm for a different reason.

The issue of admission of prior acts under SDCL 19–12–5 viewed in the context of prior, unprosecuted, bad acts has previously been resolved and decided by this court in *State v. Wedemann*, 339 N.W.2d 112 (S.D.1983) (a case in which Justice Morgan concurred.)

In *Wedemann*, the defendant had been convicted of arson. He and his wife had been going through a divorce. She had been awarded temporary possession of their jointly owned mobile home but allowed defendant to stay in it while she lived with her parents. During this period of time, the couple had an argument which resulted in Mrs. Wedemann advising the defendant to vacate the home. In the next two to three hours, the local fire department responded to a fire at the mobile home. Defendant had been observed near the mobile home approximately one hour before the fire department arrived at the scene.

At trial, the court permitted the State to introduce evidence of three prior fires to other property belonging to the defendant, to-wit:

1. A fire in a residential building owned by the defendant and his wife on a lot adjacent to their mobile home in Mellette, South Dakota;

2. A fire in a mobile home owned by defendant in South Sioux City, Nebraska, which was also in the process of being repossessed; and

3. A fire in the same residence as the first fire.

The Mellette Fire Department concluded that the first and third fires had been intentionally set. The cause of the second fire was not officially determined, although it, too, had an arson motive.

In *Wedemann*, we held that although defendant was not prosecuted for the previous fires, they were relevant to the issues at trial, *i.e.*, defendant collected insurance on two of the fires and avoided repossession on the other. We noted that these mysterious, beneficial fires involving defendant's property suggest identity, motive, knowledge, intent and plan, stating: "[A]ny fact that tends to connect an accused with the commission of a crime is relevant and has probative value." *Wedemann*, at 115.

The present case is on point, factually and legally, with *Wedemann*. Itzen has been convicted of intentional damage to property. Prior to his conviction, Itzen was the plaintiff in a civil personal injury jury trial in which the Davenport Law Firm represented the defendant. Itzen had sued the Davenport client for a substantial sum of money. The trial resulted in an award of damages to Itzen, however, it was considerably less than the amount he had sought. Within the next two days, the Davenport Law Firm had reported five incidents of window breakage to their office building. As in *Wedemann*, Itzen was observed at the scene of one of those incidents. As in *Wedemann*, Itzen had a motive for the crime, namely, revenge. As in *Wedemann*, he was not prosecuted for the other bad acts. As in *Wedemann*, there is evidence which indicates that the first two incidents were intentional, *i.e.*, a concrete block was intentionally hurled through the windows.

In summary, I note the following factual similarities of the two cases:

1. Evidence of motive exists in both cases.

2. Evidence of an intentional act exists in both cases.

3. Both defendants were observed at the scene of the crime for which they were charged.

4. Other bad acts went unprosecuted, which acts were identical to the one subsequently charged.

This case is *Wedemann* revisited. Thus I would conclude that *Wedemann* is con-

trolling here, both legally and factually. As we held in *Wedemann,* these mysterious window breakings are relevant under SDCL 19–12–5 to the issues of identity, motive, knowledge, intent and plan. Evidence of these other bad acts is therefore admissible.

This addresses the issue of motive under SDCL 19–12–5.