STATE OF NEBRASKA, APPELLEE, V. RAYMOND E. ERICH,
APPELLANT.

251 N. W. 2d 381

Filed March 16, 1977.   No. 40581.

Richard E. Gee, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The defendant was charged with and found guilty by a jury of first degree sexual assault. The District Court sentenced him to a term of 3 to 5 years' imprisonment in the Nebraska Penal and Correctional Complex. The defendant appeals his conviction and sentence. For the reasons stated below, we reverse the judgment of the District Court.

The information alleged that on or about September 2, 1975, the defendant, who was 36 years of age,

did subject a 14-year-old female child to sexual penetration. At trial, the female child, the defendant's stepdaughter, testified that on September 2, 1975, she returned home from school, fixed supper, and watched television with the defendant. She testified that between 8:30 and 9 p.m., she and the defendant had sexual intercourse. The defendant testified that he was not at home when the alleged carnal act took place. Several witnesses corroborated his story.

In accordance with the rule that evidence of criminal acts of a similar nature occurring before or after the act charged is admissible to explain the act or corroborate the testimony of the victim, see, e.g., Onstott v. State, 156 Neb. 55, 54 N. W. 2d 380 (1952), evidence was introduced at trial that the defendant and his stepdaughter had engaged in sexual intercourse on several occasions prior to the alleged September 2, 1975, incident. The defendant's stepdaughter testified that she first had intercourse with the defendant when she was 11 years old when the family lived in Arizona. She testified that after the family moved to Alda, Nebraska, in June or July 1975, she and the defendant would engage in sexual intercourse in the early morning hours, two or three times per week. She also testified as to several occasions outside the family home when she and the defendant had sexual relations.

The defendant assigns as error instruction No. 10, given to the jury by the trial court. Instruction No. 10 reads as follows: "It is not necessary that the evidence shall prove that the alleged offense was committed on the precise date charged in the information. Insofar as the time of the alleged offense is concerned it is sufficient if you find that the evidence establishes beyond a reasonable doubt that such offense was committed on some day or time, but in any event it must have been committed, if such you find, within three years prior to October 20.

1975, the date of the filing of the complaint herein; and unless you so find, your verdict will be 'not guilty'."

The defendant objects to this instruction on the ground that, in light of the testimony present concerning previous acts of sexual intercourse between the defendant and his stepdaughter, it was misleading and prejudicial.

We are persuaded by this argument. Under the circumstances of the case, there was a significant possibility that the jury was misled or confused by instruction No. 10. If this was the case, then the practical effect would have been to render the defendant's alibi defense ineffectual.

Had there been no evidence at trial of prior acts, or had the instruction read "on or about" the date alleged in the information, the possibility of confusion would have been nonexistent or minimal. Given, however, the evidence of prior acts, it is quite possible that the jury could have misconstrued instruction No. 10 to the effect that it could find the defendant guilty if it were convinced that the defendant had had carnal knowledge of his stepdaughter at any time within a 3-year period prior to October 20, 1975.

The State draws our attention to instruction No. 8, also given to the jury, which reads as follows: "Evidence was received in this case relative to alleged similar acts committed by the defendant, to-wit: sexual intercourse with [his stepdaughter] on earlier occasions. Such evidence was received solely for the limited purpose of showing the inclination of the accused to commit the particular act charged, to-wit: sexual penetration on September 2nd, 1975. You must not, therefore, consider such evidence for any other purpose."

The State argues that when the two instructions are read together, they correctly state the law and there is no possibility of confusion. We keep in

mind, however, that we are dealing with a lay jury. It is important, especially in a criminal proceeding of this nature, that each instruction, in and of itself, be correct and as free as possible from ambiguity.

In conclusion, we believe that the possibility the jury was, under the circumstances, misled and confused by instruction No. 10, is sufficient to warrant reversal of the defendant's conviction. Other alleged errors raised by the defendant have been examined and are found to be without merit.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.