STATE OF NEBRASKA, APPELLEE, v. MERVIN D. EVANS, APPELLANT.

323 N.W.2d 106

Filed August 13, 1982. No. 81-807.

Paul E. Watts of Paul E. Watts & Associates, for appellant.

Paul L. Douglas, Attorney General, and Shanler D. Cronk, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

The defendant, Mervin D. Evans, was charged by information with attempted first degree sexual assault. Following the defendant's waiver of a jury trial, a trial was had to the court which resulted in a verdict of guilty. Defendant was sentenced to a term of not less than 3 nor more than 6 years' imprisonment. Defendant has appealed from that conviction and sentence, contending that the trial court erred in admitting certain corroborative testimony into evidence; that the trial court erred in refusing to admit into evidence the fact that defendant had been acquitted of a similar charge in a prior proceeding; and that the trial court erred in refusing to admit into evidence testimony regarding defendant's alleged sterility. We reverse.

The incident which gave rise to the information in this instance was the alleged attempted assault by the defendant of his adopted 14-year-old daughter on or about November 18, 1979. While it is not necessary to recount the details surrounding the attack, we must note that immediately following the alleged assault it was claimed that the defendant warned the prosecutrix not to tell her mother or she, the daughter, would "be in a lot of trouble." In any event, the prosecutrix did not report the incident to her mother until May 4, 1980, which was shortly after the defendant supposedly had threatened to assault her a second time. When asked why she had not reported the November 1979 incident earlier, the prosecutrix responded by saying that she was afraid that her father "would beat the heck out of me." Upon being told of the incident, the defendant's wife, the adoptive mother of prosecutrix, reported the assault to the police and defendant was taken into custody.

At the ensuing trial, the prosecutrix took the stand during the State's case-in-chief and described the alleged assault in detail. She also was allowed, over objection of defense counsel, to describe prior sexual contact between her father and herself which dated back to the time she was 6 years of age and which had culminated in sexual intercourse by the time the prosecutrix was 10 years old. Finally, also over counsel's objection, the prosecutrix was allowed to describe the events surrounding her decision to inform her mother on May 4, 1980, of the November 18, 1979, assault. These events included a threat of further sexual assaults on her by the defendant, and conversation which the prosecutrix had had with her twin sister who had also been adopted by the defendant and his wife. This conversation related to the fact that her sister had also been subjected to the defendant's sexual advances and indeed feared that she may have been made pregnant by the defendant at that time.

In what was purported to be an attempt to corroborate the testimony of prosecutrix, the prosecutor called her mother and sister to the stand. The mother confirmed the fact that the prosecutrix had reported the assault to her on the evening of May 4, 1980, and that she had in turn reported the incident to the police. The sister, however, was allowed to testify in greater detail. She reiterated the fact that she had told the prosecutrix on May 4, 1980, that the defendant had also had sexual contact with her and, in response to a direct question from the prosecutor, that she had told the prosecutrix she thought she was pregnant and that the defendant was the baby's father. Furthermore, the sister of prosecutrix was allowed, over the objections of the defense counsel, to testify to the fact that the defendant had made initial sexual advances toward her when she was around 10 years old and had engaged in sexual intercourse with her when she was 11 or 12 years of age.

Such activities would occur two to three times monthly, both inside and outside of the home. Finally, the sister testified during direct examination that she had indeed had a child and that she had not engaged in intercourse with anyone other than the defendant prior to the birth of the child.

It was revealed for the first time during this action, in the course of the cross-examination of the sister of prosecutrix, that the defendant had been charged and tried on an earlier occasion on an allegation similar to the present charge. This earlier trial resulted from an incident allegedly involving the defendant and the sister of prosecutrix. Defense counsel was prohibited by the court, however, from introducing any direct evidence of the verdict in that earlier action, either through the testimony of the prosecutrix's sister or through the introduction of the journal entry of the verdict. An inadvertent comment about the verdict was made by the defendant's wife during her testimony for the defense, although an objection to the response was sustained. However, there was no motion to strike the response, so that the response regarding the defendant's acquittal remains in the record before this court.

Finally, we must note that the defense counsel was also stymied in his attempt to introduce evidence concerning the defendant's sterility in order to impeach the testimony of the prosecutrix's sister regarding her belief that the defendant had fathered her child. The trial court rejected any such evidence, which was offered in the form of transcripts of the testimony of several witnesses taken from the earlier trial, on the basis that such evidence was irrelevant, hearsay, and that there was not sufficient foundation to support its admittance.

The defendant's initial assignment of error is a broad attack on the corroborative evidence offered by the prosecution in support of the testimony of the

prosecutrix. "The rule is that the testimony of the prosecutrix alone, uncorroborated by any other evidence, is not sufficient to sustain a conviction for sexual assault. [Citation omitted.]" *State v. Aby,* 205 Neb. 267, 269, 287 N.W.2d 68, 70 (1980). In this instance, there can be no doubt that corroborative evidence does exist. However, we must determine whether it was properly admitted in the several forms in which it was offered.

The initial form of corroborative evidence of the testimony of the prosecutrix offered by the prosecution was the testimony of her mother and her sister regarding the details of the prosecutrix's May 4, 1980, complaint of the alleged assault. "The rule is well established in this state that in a prosecution for sexual assault, *the prosecutrix may testify* in chief on direct examination, if within a reasonable time under all the circumstances after the act was committed she made complaint to another, *to the fact and nature of the complaint, but not as to its details;* and that *others may likewise testify in chief to such fact and nature of the complaint, but not as to its details.* State v. Chaney,* 184 Neb. 734, 171 N.W.2d 787 (1969); *Sherrick v. State,* 157 Neb. 623, 61 N.W.2d 358 (1953).

"This court has also stated that *one to whom the complaining witness has complained may testify to the fact and nature of the complaint* if the complaint was made voluntarily and without unreasonable or inconsistent delay. See, *State v. Deardurff,* 186 Neb. 92, 180 N.W.2d 890 (1970); *Texter v. State,* 170 Neb. 426, 102 N.W.2d 655 (1960)." (Emphasis supplied.) *State v. Watkins,* 207 Neb. 859, 863, 301 N.W.2d 338, 341 (1981).

Initially, we note that this rule requires that a timely complaint be made by the prosecutrix. However, the effect of a delay may be alleviated by proof of a sufficient reason for the delay, "such as intimidation or threats, or lack of opportunity . . . ."

*Sherrick v. State,* 157 Neb. 623, 630, 61 N.W.2d 358, 365 (1953). We have recently noted that fear of the attacker, shame, and the threat of placement in a foster home were all sufficient mitigating factors to alleviate the delay between the attack and the complaint. *State v. Watkins, supra; State v. Aby, supra.* In the present action, we need only point to the threats made by the defendant against the prosecutrix, and to the fact that the prosecutrix feared that the defendant would "beat the heck" out of her if she made a complaint, to find sufficient reason for the delay between the November 18, 1979, attack and the complaint made on May 4, 1980. However, the mere fact that the complaint was timely made does not rectify the manner in which the evidence of the complaint was introduced.

It is quite clear that the rule cited above permits a witness to testify as to the fact and nature of the complaint. However, it is equally clear that the same rule provides that "the details of such complaint may not be given." *State v. Gero,* 184 Neb. 107, 111, 165 N.W.2d 371, 373 (1969). The trial court failed to restrain the testimony of both the prosecutrix and her sister regarding the details of the complaint made in this instance. This failure permitted the prosecution to divulge the fact that the prosecutrix's sister had also engaged in sexual intercourse with the defendant, and, further, that she believed the defendant had impregnated her. Such testimony regarding the details of the complaint is clearly in violation of the aforementioned rule, and it was error to permit its admission. However, the prejudicial nature of such error has yet to be determined, and such a determination can only be made in conjunction with the remaining assignments of error.

The second form of corroborative evidence offered by the prosecution was the accounts of prior sexual contacts given by the prosecutrix and her sister. A review of the cases addressing this issue leaves one

with some uncertainty as to when evidence of prior criminal actions may be admitted. As a general proposition, "in a criminal prosecution evidence of crimes committed by the accused, other than that with which he is charged, is not admissible." *State v. Franklin,* 194 Neb. 630, 642, 234 N.W.2d 610, 617 (1975). Through the years several exceptions to this general proposition have been developed, some of which have tended to lend some confusion as to when evidence of prior acts may be admitted. One such exception was noted in the syllabus of *State v. Erich,* 198 Neb. 1, 251 N.W.2d 381 (1977), wherein we noted: "One exception to this general rule is that in prosecutions for sexual assault, incest, and sodomy, testimony that the defendant committed the same or similar acts against the prosecutrix is admissible for its corroborative value." Unquestionably, such a rule would permit the admission of the prosecutrix's testimony in this instance. However, it leaves the question of the propriety of the testimony of the prosecutrix's sister unanswered.

The State points the court to the broad general statement we made in *State v. Hitt,* 207 Neb. 746, 749, 301 N.W.2d 96, 99 (1981), wherein we noted: "Sexual crimes have consistently been classified as those in which evidence of other similar sexual conduct has been recognized as having independent relevancy, and courts generally hold that evidence of other sex offenses by the defendant may be admissible, whether the other offense involves the complaining witness or third parties. [Citations omitted.]" However, we need not go so far as to adopt this broad statement as the rule for this case.

As noted at the outset, the defendant was charged with attempted first degree sexual assault. By statute, an essential element of all criminal attempt charges requires evidence to show that the defendant "intentionally" engaged in conduct which would have constituted the crime attempted if the

circumstances had been as the defendant had believed them to be, or if the conduct constituted a "substantial step in a course of conduct *intended* to culminate in his commission of the crime." (Emphasis supplied.) Neb. Rev. Stat. § 28-201(1)(b) (Reissue 1979). It has long been accepted that in instances where intent is an element of the crime charged, it is permissible to admit evidence of the defendant's prior crimes, wrongs, or acts in order to prove that the defendant possessed the requisite intent to commit the act. *Henry v. State,* 136 Neb. 454, 286 N.W. 338 (1939); Neb. Rev. Stat. § 27-404(2) (Reissue 1979). See, also, *State v. Hitt, supra.*

Consequently, the evidence of the defendant's prior sexual relationships with the prosecutrix and her sister was properly admitted to prove that the defendant possessed the requisite intent to be convicted on a charge of attempted first degree sexual assault. We need not address the question of whether it was proper to admit the testimony of the prosecutrix's sister under the guise of corroborative evidence.

The fact that the prosecution was entitled to offer proof concerning the alleged prior sexual contacts between the defendant and his daughters also tends to remove any prejudicial effect imposed upon the defendant by the admission of the details of the prosecutrix's complaint to her sister. The potentially prejudicial content of such testimony lies in the statements regarding the beliefs of the sister of the prosecutrix that the defendant had impregnated her. No prejudice can arise from such a revelation in light of the fact that the same evidence is admissible as proof of prior sexual contact between the defendant and his daughters to show that the defendant possessed the requisite intent to commit an attempted sexual assault. Consequently, while the court erred in admitting the details of the prosecutrix's complaint to her sister, the defendant was not

prejudiced thereby. " 'The only errors which require reversal of a cause are those prejudicial to the right of the accused, or which constitute the denial of a substantial legal right.' " *State v. Brehmer,* 211 Neb. 29, 44, 317 N.W.2d 885, 894 (1982). The trial court's erroneous admission of the details of the prosecutrix's complaint does not support the defendant's request for reversal of his conviction.

The admissibility of the testimony regarding the defendant's prior sexual relationships with his daughters relates directly to the defendant's second assignment of error concerning the admissibility of the fact that he had been acquitted of a similar charge on a prior occasion. In *Koenigstein v. State,* 101 Neb. 229, 162 N.W. 879 (1917), the prosecution attempted to convict the defendant of receiving bribes from the owners of disorderly houses by showing a general plan and scheme to collect bribes from all such houses. To do so, they offered evidence of payments accepted from one McDonald, which payments had been the subject matter of an earlier prosecution of the same defendant. The trial court rejected the defendant's offer of the verdict of acquittal from the earlier prosecution. We noted on appeal that "While the verdict of acquittal in the former trial is not to be considered as determining that collateral question [the presence of a general plan or scheme] for the purpose of the subsequent trial for a distinct offense, we think that, when so much of the evidence of the former trial was before the jury in the case at bar, justice required that the former verdict should also have been allowed in evidence." *Id.* at 239, 162 N.W. at 883. This rule was reiterated in *Williams v. State,* 118 Neb. 281, 224 N.W. 286 (1929). See, also, *People v. Griffin,* 66 Cal. 2d 459, 426 P.2d 507, 58 Cal. Rptr. 107 (1967); Annot., 86 A.L.R.2d 1132 (1962); 83-87 A.L.R.2d Later Case Service 1132-1147 § 4 at 416 (1979).

In the present action, much like in *Koenigstein,*

the prosecution, through the testimony of the prosecutrix's sister, presented a great deal of the crucial evidence from the defendant's earlier trial. Although there is no direct reference to the facts which gave rise to the earlier charge being brought against the defendant, we can infer from the defendant's desire to prove his sterility in that action that the charges arose out of the alleged incestuous attack which gave rise to the pregnancy of prosecutrix's sister. In this respect, the prosecution went to great lengths during the direct examination of the prosecutrix's sister to introduce much of the same testimony that would have been offered in the earlier action. In response to the prosecutor's questions, the sister of prosecutrix acknowledged that she had had sexual intercourse with the defendant; that she had become pregnant; that she had told the prosecutrix that she believed the defendant was the father of her child; and, finally, that she had not had sexual intercourse with any other person other than the defendant prior to the birth of her child on December 25, 1980. Although, as we noted above, it was not error to offer such evidence in order to prove that the defendant possessed the requisite intent to commit the attempted assault, by presenting such evidence through the use of substantially the same testimony as would have been presented in the defendant's earlier trial, the prosecution has brought this case squarely within the rule set forth in *Koenigstein.* Consequently, it was error for the trial court to reject the evidence of the defendant's acquittal following an earlier trial which arose from similar charges filed by the prosecutrix's sister.

We should note that although the defendant's wife did allude to the verdict in the earlier trial at one point during her testimony for the defense, it is readily apparent that the trial court deemed admission of the verdict improper and refused to consider it in its decision. This fact is made apparent by the

court's sustaining an objection to the wife's testimony at the point the verdict was alluded to, and further by the court's ruling allowing the defendant to testify as to what he had testified to at the earlier trial but "not as to the result of the trial." Therefore, regardless of the fact that the trial court may have in fact been aware of the verdict, it was prejudicial to the defendant's interests to prohibit the admission of direct evidence to establish with certainty that the defendant had been acquitted of the earlier charge.

The defendant's final assignment of error challenges the propriety of prohibiting him from introducing evidence regarding his sterility in an attempt to impeach the testimony of the prosecutrix's sister. This evidence was attempted to be introduced by way of an offer of the transcribed excerpts of the testimony of three doctors who had testified at the defendant's earlier trial. An objection to the offer on the basis that the evidence in the form of testimony from a different trial than the one involved here was hearsay as to this case was sustained.

Testimony given by a witness at a prior trial is not to be considered hearsay "if the declarant is unavailable as a witness." Neb. Rev. Stat. § 27-804(2)(a) (Reissue 1979). Counsel for the defense failed to offer any evidence to show that the three doctors were "unavailable," as that term is defined in § 27-804(1), to testify at the present trial. In opposition to the prosecution's objection, the defense contends that the evidence was offered for impeachment purposes and consequently could not be considered hearsay. However, any impeachment value inherent in the testimony of the doctors apparently would arise from the fact that they had concluded that the defendant was sterile. Only if one were convinced that the defendant was sterile would the testimony of the prosecutrix's sister be effectively impeached. Therefore, logic would dictate that this testimony was of-

fered "to prove the truth of the matter asserted" (Neb. Rev. Stat. § 27-801(3) (Reissue 1979)), namely, that the defendant was sterile and that it was physically improbable, if not impossible, for him to be the father of his daugher's child. In this respect, the testimony does fall within the statutory definition of "hearsay," and its admissibility depended upon a showing that the doctors were "unavailable" to testify at the defendant's second trial. The defendant's failure to do so made the court's denial of the evidence appropriate.

Although as a general rule the determination of the admissibility of evidence rests within the sound discretion of the trial court, we cannot say that this discretion was not abused in this instance. *State v. Martin,* 198 Neb. 811, 225 N.W.2d 844 (1977). In the present action, the trial court erred in failing to permit the defendant to present evidence of his earlier acquittal on charges brought by the current prosecutrix's sister. In light of the amount of testimony presented by the prosecution concerning the facts upon which this earlier charge was based, the evidence of the defendant's acquittal on the charge, although not conclusive on the question of whether the defendant had actually assaulted the prosecutrix's sister, would serve to rebut this testimony and therefore should have been admitted. *Koenigstein v. State,* 101 Neb. 229, 162 N.W. 879 (1917). The defendant was thereby prejudiced in the presentation of his defense, and his conviction must be reversed.

REVERSED AND REMANDED
FOR A NEW TRIAL.

KRIVOSHA, C.J., CLINTON, and WHITE, JJ., concur in the result.