STATE OF NEBRASKA, APPELLEE, v. RICHARD T. DAVIS, JR., APPELLANT.

334 N.W.2d 450

Filed May 27, 1983. No. 82-519.

Dennis R. Keefe, Lancaster County Public Defender, and James L. Foster, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

The defendant was convicted of robbery and two counts of first degree forcible sexual assault. He was sentenced to imprisonment for 11 to 15 years on

the assault counts and 1 to 3 years on the robbery count, all sentences to run concurrently. He has appealed and contends that the evidence was insufficient to support the finding of guilty on each count, and that the trial court erred in admitting testimony relating to a report made by the victim to a detective and testimony concerning a rectal examination of the victim made by a physician.

The victim was an 18-year-old boy, a resident of Omaha, Nebraska, who had "run away" from school. The victim had come to Lincoln with a friend and was staying at an apartment occupied by the defendant and Kimberly Robbins.

The first assault occurred late on the evening of October 2, 1981. The victim testified that the defendant ordered him to remove his clothing. When the victim hesitated, the defendant struck the victim in the face and threatened to beat him if he did not do as he had been told. The defendant then told the victim that he was a slave and the defendant and Mark McClintic, who was staying in the apartment, were his masters.

The victim was wearing an arrowhead necklace. The defendant told the victim to give him the necklace or the defendant would kill him. The victim then surrendered the necklace to the defendant.

The victim was then required to perform fellatio on McClintic and the defendant. After that the victim was ordered to take two blankets and go to the kitchen. The defendant was made to get down on his hands and knees and was assaulted sexually by the defendant and then McClintic. During the assaults, when the defendant and McClintic had difficulty in achieving penetration, the victim was accused of not cooperating and was struck in the rib area and the face. The victim was also burned about the buttocks with a hot frying pan while he was being assaulted by McClintic. After McClintic had finished, the defendant assaulted the victim a second time.

After the victim returned to the living room of the apartment he was burned about the chest three times with lighted cigarettes. Later the victim was beaten on his chest and back with a belt.

The second assault took place on the following night in the bathroom of the apartment. Before that assault the victim was again forced to perform fellatio on the defendant and McClintic.

The victim was allowed to leave the apartment on the following Monday. The defendant warned the victim to not tell the police what had happened; and if he was questioned he was to say "two black guys beat me up."

The defendant was hitchhiking on the Interstate highway when he was picked up by a state patrolman. Because of his injuries he was taken to the hospital where he was examined and photographs of his injuries were made. He was questioned at the hospital by Detective Sorensen and Officer Schneider of the Lincoln Police Department.

At first the victim said that he had been assaulted by two black males. Under questioning by the officers the victim finally stated that he had been assaulted by a white male at the defendant's apartment. The victim was reluctant to admit that he had been sexually assaulted and did not give the details of the assault to Detective Sorensen until later that evening at the police station.

Detective Sorensen asked the victim to submit to a rectal examination by his family physician in Omaha. The examination was made by Dr. Beran on October 8, 1981, after the victim failed to ask the doctor to examine his rectum when he was examined by the doctor on October 6.

A further summary of the evidence is unnecessary. Although the defendant denied that the sexual assaults had taken place, and claimed that the necklace was a gift from the victim, the evidence of the State was sufficient, if believed, to support a finding of guilty beyond a reasonable doubt on all counts.

The testimony of the victim as to the sexual assaults was corroborated by his report to Detective Sorensen; by the testimony of Kimberly Robbins who overheard some of the conversation at the apartment at the time of the first assault; by the testimony of Dr. Beran concerning the rectal examination of the victim; by the evidence concerning the injuries to the victim when he was examined at the hospital; and by the various items of physical evidence seized at the apartment of the defendant, including the necklace which the defendant was wearing when he was arrested.

The general rule is that the testimony of the victim of a sexual assault must be corroborated as to material facts and circumstances which tend to support his testimony and from which, together with the victim's testimony as to the principal fact, an inference of guilt may be drawn. Corroboration of the principal act constituting the offense is not required. *State v. Watkins*, 207 Neb. 859, 301 N.W.2d 338 (1981); *State v. Wounded Arrow*, 207 Neb. 544, 300 N.W.2d 19 (1980).

In the present case there was sufficient corroborative evidence to sustain the finding of guilt. A complaint of sexual assault was made to the investigating officer. The testimony of Kimberly Robbins corroborated certain details of the victim's testimony. The injuries suffered by the victim to his back, chest, face, and buttocks supported his version of the events. The testimony of the examining physician tended to support a conclusion that the victim had been sexually assaulted. Lastly, the physical evidence, the jeans and the blankets, tended to establish that a sexual assault occurred. See, e.g., *State v. Thompson*, 198 Neb. 48, 251 N.W.2d 387 (1977); *State v. Aby*, 205 Neb. 267, 287 N.W.2d 68 (1980), in which similar evidence was held to be sufficient corroboration to sustain a finding of guilt.

So far as the robbery count is concerned, robbery is committed when property is taken from a person

through the use of force, violence, or intimidation. *State v. Welchel*, 207 Neb. 337, 299 N.W.2d 155 (1980). The victim testified that the defendant threatened to kill him if he did not relinquish the necklace, worth $15, during the course of a violent sexual attack. The necklace was found on the defendant's person at the time of his arrest. The victim's testimony alone was sufficient to sustain the conviction as to the robbery. *State v. Franklin*, 209 Neb. 281, 307 N.W.2d 513 (1981).

The remaining assignments of error relate to claimed errors concerning the admission of evidence by the trial court. Before discussing these errors it is important to note that the trial was to the court. Generally, the admission of evidence which is not relevant or competent is not reversible error in a trial without a jury. "It must be remembered that this case was tried to the court and not to a jury. We have often stated that a presumption arises that the trial court, in trying a case without a jury, will consider only such evidence as is competent and relevant and this court will not reverse a case so tried because evidence was erroneously admitted where there is other material, competent, and relevant evidence sufficient to sustain the trial court's judgment." *Barber v. Barber*, 207 Neb. 101, 115, 296 N.W.2d 463, 472 (1980). The rule is applicable in criminal cases. See, *Laurie v. State*, 108 Neb. 239, 188 N.W. 110 (1922); *Peterson v. State*, 157 Neb. 618, 61 N.W.2d 263 (1953); *Peterson v. State*, 163 Neb. 669, 80 N.W.2d 688 (1957).

The defendant claims that the testimony of the investigating officer with regard to the report by the victim was inadmissible.

The general rule is stated in *State v. Evans*, 212 Neb. 476, 481, 323 N.W.2d 106, 109-10 (1982). " 'The rule is well established in this state that in a prosecution for sexual assault, the *prosecutrix may testify* in chief on direct examination, if within a reasonable time under all the circumstances after the

act was committed she made complaint to another, *to the fact and nature of the complaint, but not as to its details*; and that *others may likewise testify in chief to such fact and nature of the complaint, but not as to its details.* State v. Chaney, 184 Neb. 734, 171 N.W.2d 787 (1969); *Sherrick v. State*, 157 Neb. 623, 61 N.W.2d 358 (1953).' " (Emphasis in original.)

The defendant contends that because the victim did not report the first sexual assault until 3 days after it occurred, and 2 days after the last assault took place, the report was not made within a reasonable time. Defendant argues that because the victim did not divulge that he had been sexually attacked until specifically questioned about it by police, the complaint was not voluntary.

In determining whether a complaint was made promptly and voluntarily for the purpose of admissibility, all circumstances surrounding the event must be examined. "[T]he effect of a delay may be alleviated by proof of a sufficient reason for the delay, 'such as intimidation or threats, or lack of opportunity . . . .' . . . We have recently noted that fear of the attacker, shame, and the threat of placement in a foster home were all sufficient mitigating factors to alleviate the delay between the attack and the complaint." *State v. Evans, supra* at 481-82, 323 N.W.2d at 110, quoting *Sherrick v. State*, 157 Neb. 623, 61 N.W.2d 358 (1953), and citing *State v. Watkins*, 207 Neb. 859, 301 N.W.2d 338 (1981), and *State v. Aby*, 205 Neb. 267, 287 N.W.2d 68 (1980).

In *State v. Campbell*, 190 Neb. 22, 24, 206 N.W.2d 53, 55-56 (1973), we said: "We have previously rejected any hard and fast rule that a complaint in the form of an answer to a question is involuntary. See State v. Deardurff, 186 Neb. 92, 180 N.W.2d 890."

The record shows that the victim, an adolescent runaway, had been beaten, threatened, and intimidated by his attacker. He was afraid of what might happen to him if he made a complaint. He was ashamed to relate the details of the attack, par-

ticularly in the presence of his mother. In view of these circumstances the delay was not unreasonable. The complaint was not involuntary simply because it took questioning by the officer, outside the mother's presence, to elicit the details of the true nature of the attack.

The defendant next argues that the testimony of Detective Sorensen, with regard to the details of the victim's complaint, was erroneously admitted. The general rule is that the person to whom a complaint is made may not testify as to the details of the complaint for purposes of corroboration of a sexual assault. See *State v. Evans, supra.* Here, the testimony of the victim's complaint was also relevant as bearing upon the issue of his credibility.

The defendant further contends that the testimony of Dr. Beran regarding the rectal examination of the victim was not admissible. The defendant argues that the evidence has little probative value because of the remoteness of the examination from the attack.

The determination of the admissibility of evidence is largely within the discretion of the trial court. See *State v. Weible*, 211 Neb. 174, 317 N.W.2d 920 (1982). The result of the examination had probative value in this case. There was no evidence that the injury to the victim's rectum was a result of any other internal or external force. The victim testified that he had been sexually assaulted a number of times over a period of 2 days. This supports an inference that the attacks caused the injury observed by the doctor. " 'Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Herman v. Midland Ag Service, Inc.*, 200 Neb. 356, 379, 264 N.W.2d 161, 173 (1978). The doctor's testimony tended to establish that the assaults had occurred.

The trial court did not abuse its discretion in admitting the evidence.

There being no error, the judgment is affirmed.

AFFIRMED.