STATE OF NEBRASKA, APPELLEE, V. GARY KEITHLEY, APPELLANT.
358 N.W.2d 761

Filed November 30, 1984.   No. 84-368.

Dana M. London, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant, Gary Keithley, was convicted of first degree sexual assault and sentenced to imprisonment for 15 to 25 years. He has appealed and contends that it was error for the trial court to require him to elect between a jury trial and a bench trial when he was without the assistance of his own counsel, to admit evidence of a previous incest offense, that there was not sufficient evidence of corroboration, and that the sentence was excessive. .

The record shows that the defendant was present with counsel at a hearing on motions 6 days before his scheduled trial. At that time the court was made aware that the defendant was considering waiving his right to a jury trial and retaining

other private counsel. The trial court told the defendant that there would be no continuance granted, and if he desired to waive his right to a jury trial, it was necessary for him to do so at that time. After a private discussion with counsel the defendant chose to waive a jury. The court then fully apprised the defendant of his rights and accepted the defendant's waiver as given freely and voluntarily.

Although the trial court permitted the first counsel to withdraw, he was ordered to be present at the trial to assist any other counsel the defendant might obtain. The defendant was allowed to consult with that counsel before making his election as to a bench trial, and we find that he was not denied any substantial right by this procedure. A defendant will not be allowed to disrupt the orderly procedure of the trial court by discharging his counsel on the eve of trial and demanding that all proceedings be stayed while he attempts to find other counsel.

At the trial the defendant's 15-year-old daughter testified that on September 20, 1983, the defendant forced her to perform oral sex with him in the living room of their home as a form of punishment. She further testified that such incidents had occurred 20 to 30 times over the course of the summer.

Over objection the victim's sister was allowed to testify concerning sexual encounters with the defendant which led to his conviction in 1980 for incest. This daughter testified that when she was about 13 years old the defendant began to approach her almost weekly to engage in oral sex. She further testified that this activity led to sexual intercourse within 6 to 8 months and that when she was 17 she filed charges against her father.

The testimony of the victim was corroborated by the officer who received her complaint. Furthermore, the defendant admitted being with the prosecutrix at the same time and place that the assault occurred. In *State v. Watkins*, 207 Neb. 859, 864, 301 N.W.2d 338, 341-42 (1981), this court said, "It is clear from the record that the defendant in this case had both the opportunity and inclination to commit the offense; and we have held that such opportunity and inclination on the part of the defendant may be considered in determining whether there has

been sufficient corroboration."

This evidence was sufficient corroboration of the victim's testimony. Corroboration of the principal act constituting the offense is not required. *State v. Davis*, 214 Neb. 474, 334 N.W.2d 450 (1983).

The defendant contends that the evidence concerning the 1980 incest case was inadmissible because it was remote, lacking in sufficient similarity, and unnecessary. The defendant relies on Neb. Rev. Stat. § 27-404(2) (Reissue 1979), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The defendant argues that the practical effect of admitting testimony regarding his prior offense was to establish that he acted in conformity therewith in the case at bar.

In *State v. Ellis*, 208 Neb. 379, 392-93, 303 N.W.2d 741, 750 (1981), in discussing the discretion exercised by the trial court in admitting such evidence, we said:

> "The extent to which the discretion of the trial court will be allowed to be exercised in this regard has not been fixed by any decision of this court. Probably it cannot be but depends upon the facts in each case. . . . In State v. Siddoway, 61 Utah 189, 211 P. 968, it was held: 'No exact limitation of time can be fixed as to when another offense tending to prove the intent of the act charged is remote. The decision of that question must depend upon the circumstances of the particular case, and whether evidence is too remote or not is a question whose decision is largely in the sound discretion of the trial court.' [Citations omitted.] The doctrine generally accepted is that remoteness in point of time may weaken the evidential value of the evidence but does not justify its exclusion. [Citations omitted.]
>
> *"Likewise it is a matter left to the discretion of the trial court as to whether the prior offenses are sufficiently similar to the one charged in the case on trial so that*

*evidence thereof has probative value." Sall v. State*, 157 Neb. 688, 697-98, 61 N.W.2d 256, 262 (1953). (Emphasis supplied.)

In *State v. Hitt*, 207 Neb. 746, 301 N.W.2d 96 (1981), the defendant was charged with first degree sexual assault on his 11-year-old son. The victim's 8-year-old brother was allowed to testify that the defendant had engaged in the same conduct with him on at least one occasion. This court found that the evidence of sexual assault with the younger brother was part of a continuing pattern of conduct by the defendant toward his sons and was admissible, since it tended to establish motive, intent, preparation, plan, and knowledge. The court stated:

> Evidence of other crimes may be admitted in a criminal prosecution where the evidence is so related in time, place, and circumstances to the offense or offenses charged so as to have substantial probative value in determining the guilt of the accused. The balancing of the need for other-crimes evidence against the possible prejudice to the defendant is within the appropriate discretion of the trial court. *State v. Williams, supra.*
>
> This court has also held that evidence of other criminal acts which involve or explain the circumstances of the crime charged, or are integral parts of an overall occurrence or transaction, may be admissible. It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged, even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes. See, *State v. Williams, supra; State v. Nielsen*, 203 Neb. 847, 280 N.W.2d 904 (1979). In the present case the evidence of sexual conduct with the younger son was, in effect, part of a continuous pattern of conduct by the defendant toward both of his sons and tended to establish motive, opportunity, intent, preparation, plan, and knowledge.

207 Neb. at 748-49, 301 N.W.2d at 99. The court concluded the issue by quoting authorities which recognize the independent relevancy of other similar conduct in sexual crimes.

In *State v. Plymate*, 216 Neb. 722, 345 N.W.2d 327 (1984), the principal assignment of error concerned the trial court's admission into evidence of testimony that the defendant made admissions to a newspaper reporter concerning commission of 300 or more sexual assaults. Concerning the admissibility of such evidence, the court began: " ' "[I]t is a matter left to the discretion of the trial court as to whether the prior offenses are sufficiently similar to the one charged in the case on trial so that the evidence thereof has probative value." ' " *Id.* at 725, 345 N.W.2d at 329. The court began its discussion by acknowledging the independent relevancy of other sexual conduct, and then proceeded to more specifically delineate its holding, saying that the defendant had carried out a detailed scheme to commit a crime, which made evidence of the scheme admissible to show plan and intent.

In *State v. Evans*, 212 Neb. 476, 323 N.W.2d 106 (1982), the defendant was charged with attempted first degree sexual assault of his 14-year-old daughter. The sister of the prosecutrix was allowed to testify that the defendant had made initial sexual advances toward her when she was 10 years old and had engaged in sexual intercourse with her by the time she was 12 years old. It was further revealed in cross-examination that the defendant had been charged and tried on a previous occasion concerning a similar allegation. This court noted that intent was an essential element of the crime charged and held that evidence of the defendant's prior sexual relationships with the prosecutrix and her sister was properly admitted.

In *State v. Baker, ante* p. 207, 352 N.W.2d 894 (1984), the defendant was convicted of attempted first degree sexual assault and false imprisonment in the first degree. The victim had accepted a ride to school from the defendant, who said he was called "Stud." The defendant asked the victim to have sexual relations, and when she refused, the defendant drove to a park, where he attempted to force the victim to engage in fellatio. During the course of the trial, the court received the testimony of three minor girls that the defendant had previously attempted to pick up girls of similar age and appearance, that he had driven the same car in approximately the same area each time, and that he had used the same name.

Holding that the evidence was "clearly admissible to establish preparation, plan, and identity as well as motive and intent," this court quoted from previous cases in which it was determined:

> " '[S]exual crimes have consistently been classified as those in which evidence of other similar sexual conduct has been recognized as having independent relevancy, and courts generally hold that evidence of other sex offenses by the defendant may be admissible, whether the other offense involves the complaining witness or third parties.' "

*Id*. at 212, 352 N.W.2d at 897.

In this case the testimony of the sister of the victim concerning the 1980 incest was admissible as tending to prove intent, motive, plan, and method of operation.

In regard to the defendant's claim that the sentence was excessive, first degree sexual assault on a child is a Class II felony carrying a penalty of 1 to 50 years' imprisonment. At the time of his conviction defendant was on parole for the 1980 incest conviction. Psychiatric tests showed nothing to suggest that his prior incarceration or professional attempts at family intervention and counseling had been of any benefit. Under the circumstances his sentence to imprisonment for 15 to 25 years was not an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurring in the result.

While I do not agree with the majority's reliance on all of the cases cited for their conclusion, I do believe that the results reached by the court in this case are correct and that evidence of Keithley's previous conviction for incest with his older daughter was admissible. For that reason I concur only in the result reached by the majority in this case.