STATE OF NEBRASKA, APPELLEE, V. GILBERT STONE, APPELLANT.

422 N.W.2d 568

Filed April 29, 1988.   No. 87-634.

Gary G. Washburn, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Boslaugh, J.

After a bench trial the defendant, Gilbert Stone, was found guilty of sexual assault of a child and was sentenced to 2 years' probation. A second charge, attempted creation of child pornography, was dismissed.

The defendant has appealed, and the assignments of error both relate to the sufficiency of the evidence to support the finding of guilty.

The record shows that the defendant is 71 years of age. The alleged victim, a 12- year-old girl, lived across the street from the defendant and his wife. The victim testified that she had known the defendant for 3 or 4 years and that about 2 years prior to trial "he started touching us"; that when he gave the victim and her sister candy, "he bent over and felt me and my sister"; and that he touched her "breast and . . . bottom parts" with the palm of his hand. According to the victim, she did not tell anyone about it at the time because she did not want to get into any trouble. Eventually, when the victim told her mother, the victim was told not to go over to the defendant's house again.

The victim also testified that one touching incident occurred while one of her friends was present. This testimony contradicted the victim's testimony at the preliminary hearing but was corroborated by the testimony of the friend.

. The victim's mother testified that at around Christmas 1985, her daughter, the victim, told the mother that the defendant had touched the daughter on her breasts and in the private area.

> "In a sexual assault case, the victim need not be independently corroborated on the particular acts constituting sexual assault, but must be corroborated on the material facts and circumstances tending to support the victim's testimony about the principal fact in issue." (Syllabus of the court.) *State v. Wounded Arrow*, 207 Neb. 544, 300 N.W.2d 19 (1980). After the victim has testified to the commission of the offense, it is competent to prove in corroboration of that testimony as to the main

fact that, within a reasonable time after the alleged assault, the victim made complaint to a person to whom a statement of such an occurrence would naturally be made, especially if the victim is afraid and ashamed of what has happened.

*State v. Schon*, 227 Neb. 482, 484, 418 N.W.2d 242, 244 (1988). The effect of a delay may be alleviated by proof of a sufficient reason for the delay. *State v. Evans*, 212 Neb. 476, 323 N.W.2d 106 (1982). No formal complaint was made to the police until sometime later, when the mother discovered the defendant had given a book with sexual content to the victim.

The defendant testified and denied that he had ever touched the victim for sexual gratification.

There were many conflicts in the evidence and some inconsistencies between testimony given at the preliminary hearing and at the trial. These were all questions for the trier of fact. In resolving a challenge to the sufficiency of the evidence to sustain a conviction in a criminal case, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. *State v. Patrick*, 227 Neb. 498, 418 N.W.2d 253 (1988); *State v. Richardson,* 227 Neb. 274, 417 N.W.2d 24 (1987).

The evidence of the State was sufficient, if believed, to sustain the finding of guilty beyond a reasonable doubt.

AFFIRMED.