STATE OF NEBRASKA, APPELLEE, V. ROGER W. HUEBNER, APPELLANT.
513 N.W.2d 284

Filed March 11, 1994.   No. S-93-167.

342

Charles W. Balsiger, P.C., for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

LANPHIER, J.

Appellant-defendant, Roger W. Huebner, was charged with first degree sexual assault on a child. Huebner was found guilty after a jury trial. On appeal, Huebner asserts the trial court erred in (1) overruling his plea in abatement; (2) denying him the opportunity to have the complaining witness examined by a psychologist or psychiatrist; (3) preventing him from offering evidence of a prior sexual assault on the alleged victim by someone else; (4) permitting the victim and others to testify regarding the particulars of the alleged sexual assault and in overruling his motion in limine on the grounds that the statement of the alleged victim was not timely reported; (5) denying his motion for dismissal and directed verdict upon the close of the State's case in chief, as the State failed to meet its burden of proof; and (6) denying his request to instruct the jury on a lesser-included offense. We affirm.

## FACTS

Huebner was the boyfriend of the victim's mother. He lived with the victim, her mother, and a younger brother of the victim's. The events which give rise to Huebner's conviction took place in December 1989. The victim testified that her mother was with Huebner's parents. The victim and her younger brother were at home with Huebner. Her brother was sleeping in his room. While the victim was in her own room doing homework, Huebner came into her room, handcuffed her right arm to her bed, and held her other arm with his hand. He pulled her pants and underwear down to her knees and digitally penetrated her vagina. The victim did not report the incident to anyone until approximately July 1990. At that time, an official report was made by the Department of Social Services of the alleged assault.

On November 19, 1991, nearly a year and a half after the assault was first reported, a complaint was filed against Huebner. He filed a plea in abatement asserting that the evidence adduced at the preliminary hearing was insufficient to justify the filing of the information and that the proceedings against him were unreasonably delayed, since the State had had knowledge of the nature of the complaint for well over a year

before it was filed. The plea was overruled.

Before trial, Huebner requested that the victim undergo psychiatric examination to determine her credibility. The court denied the request. On January 11, 1993, 7 days before trial, Huebner filed a notice of intent to offer evidence of a prior sexual assault perpetrated upon the victim. The court denied this motion also.

At trial, Brigid Rock, a social worker, and Alfredo Ramirez, a counselor, testified about details of the sexual assault. Katie Boley, another social worker, testified as an expert witness about reasons child victims of sexual assault delay reporting the assaults.

After the State rested, Huebner moved for dismissal and a directed verdict, which the court denied.

## PLEA IN ABATEMENT

Huebner claims that the trial court erred in overruling his plea in abatement. In that plea, Huebner challenged the sufficiency of the evidence to justify filing the information and binding the case over to district court. He also asserted that the filing of the charges had been unreasonably delayed and therefore denied him equal protection and due process of law.

### SPEEDY TRIAL

At the outset, we note that on appeal, Huebner has attempted to raise a Sixth Amendment speedy trial claim. This court has consistently held that except in the most unusual cases, a question of constitutionality must have been properly raised in the trial court to be considered on appeal. *State v. Moore*, 226 Neb. 347, 411 N.W.2d 345 (1987). In addition, in the absence of plain error, when an issue is raised for the first time in an appellate court, the issue will be disregarded inasmuch as the trial court cannot commit error regarding an issue never presented and submitted for disposition in the trial court. *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993); *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991); *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991). At the hearing on the plea in abatement, Huebner's argument was threefold. He argued a due-process rights violation, a denial of his right to confront witnesses, and ineffective assistance of

counsel. Huebner did not raise the issue of speedy trial in the lower court; therefore, we need not address it.

## DUE PROCESS

In any event, the right to a speedy trial, as guaranteed under the Sixth Amendment, is not implicated until after the accused has been charged or arrested even though the prosecuting authorities had knowledge of the offense. *United States v. Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). Huebner's main due process contention is that the delay between the time the State learned of the assault and the time it filed the complaint and information was unreasonable and constituted a denial of his Fifth Amendment due process rights.

The Due Process Clause requires dismissal only if a defendant shows that the prosecuting authorities' delay in charging him caused substantial prejudice to his right to a fair trial and that the delay was an intentional device to gain unfair tactical advantage over him. *United States v. Marion, supra*; *U.S. v. Meyer*, 906 F.2d 1247 (8th Cir. 1990); *United States v. Russo*, 796 F.2d 1443 (11th Cir. 1986) (general allegations of prejudice are not evidence).

Huebner claims that the delay was a deliberate attempt by the State to gain advantage and that the delay caused him actual prejudice. A defendant cannot rely on the real possibilities inherent in the delay, such as dimmed memories, inaccessible witnesses, and lost evidence. The defendant must show actual prejudice. *United States v. Marion, supra.*

Huebner asserts that the State intended to gain tactical advantage by providing the victim with counseling in order to use her as a credible witness at trial. He claims he was prejudiced by the delay because he was unable to cross-examine the victim until after she had undergone counseling for 2 years. He does not state how he was prejudiced by his failure to cross-examine the victim before she received counseling. He provides no evidence showing that the State attempted to manipulate the counseling sessions in order to improperly mold the victim's testimony. He apparently claims that in receiving counseling to cope with the assault, the victim became a better witness; therefore, psychological counseling for her emotional

well-being should have been delayed until after Huebner was able to cross-examine her. Huebner urges that his ability to receive a fair trial depends, in effect, on the battered emotional state of the alleged victim. We recently held in *State v. Baker, ante* p. 153, 511 N.W.2d 757 (1994), that it was appropriate under the circumstances of that case to administer medical care to a defendant to render him competent to stand trial. It would indeed be anomalous for us to now deny an alleged victim the right to counseling to render her more competent to withstand the rigors of trial. We find that an alleged sexual assault victim need not forgo her own mental health pending the State's prosecution of her alleged attacker in order to preserve the defendant's right to cross-examination. Huebner cannot claim prejudice simply because the victim received such counseling.

The State submitted no justification for the approximately 17-month delay. However, the burden was on Huebner to show that the delay actually prejudiced his defense and that the government intentionally caused the delay to gain an unfair tactical advantage. He failed to meet this burden. His allegations of prejudice and improper State maneuvering are not supported by the evidence and are therefore insufficient.

## PSYCHIATRIC EXAMINATION

Huebner next claims that the trial court erred in denying him the opportunity to have a psychiatric examination performed on the victim. The granting of a request for a psychiatric evaluation of a victim falls within the discretionary power of the trial court. *State v. Welch*, 241 Neb. 699, 490 N.W.2d 216 (1992); *State v. Roenfeldt*, 241 Neb. 30, 486 N.W.2d 197 (1992); *State v. Nelson*, 235 Neb. 15, 453 N.W.2d 454 (1990). The purpose of a psychiatric examination in a case involving a sex offense is to detect any mental or moral delusions or tendencies causing distortion of the imagination which would affect the probable credibility of the complaining witness. *Id.*

There is generally a reluctance by the courts to order a victim of sexual assault to submit to a psychiatric examination because of the substantial imposition it places on the victim.

> Because of the possible indignity of such an examination and the natural reluctance of persons to

appear as witnesses if they were to be subjected to such examination, we believe a *strong and compelling* reason should appear before a trial court in the exercise of its discretion should order a medical examination even as a condition of testifying at the trial.

*State v. Lederer*, 99 Wis. 2d 430, 439, 299 N.W.2d 457, 463 (Wis. App. 1980), *questioned on other grounds, State v. Feela*, 101 Wis. 2d 249, 304 N.W.2d 152 (1981). Accord *State v. Miller*, 35 Wis. 2d 454, 151 N.W.2d 157 (1967).

This court has adhered to the principle and has stated that a trial court may, in its discretion, order a psychiatric examination of the complaining witness where the record establishes compelling reasons, but not for a mere fishing expedition. *State v. Welch, supra*; *State v. Nelson, supra*.

Two hearings were held because of Huebner's attempts to compel the victim to submit to psychiatric evaluation. At both hearings, Huebner's counsel argued that a psychiatric examination was necessary because a determination had to be made regarding the victim's credibility. Defense counsel stated that because the victim had made previous similar accusations in the past, the testimony of a psychiatrist who had had the opportunity to examine the victim could assist the trier of fact in making a determination of the credibility of the witness and also whether or not the victim knew fact from fantasy. During the hearing, defense counsel cited reports which it argued demonstrated that the victim had a history of fabricating stories. However, these alleged reports were not admitted into evidence, and therefore we will not consider them. See *Home Fed. Sav. & Loan v. McDermott & Miller*, 243 Neb. 136, 497 N.W.2d 678 (1993).

Furthermore, we have stated that a witness' credibility and weight to be given to testimony are matters for determination and evaluation by a fact finder. *State v. Salamon*, 241 Neb. 878, 491 N.W.2d 690 (1992). The cases cited by Huebner in support of his argument involve young children or developmentally impaired individuals whose competency, not their credibility, is at issue. We find no abuse of discretion in the trial court's denial of the psychiatric examinations.

## RAPE SHIELD LAW

Huebner also contends that the trial court erred in excluding evidence of prior sexual abuse perpetrated upon the victim. The victim had been sexually assaulted a few years earlier by another male. The trial court excluded the evidence because Neb. Rev. Stat. § 28-321 (Reissue 1989) prohibits the introduction of evidence of a victim's prior sexual behavior except in certain limited circumstances. Huebner concedes that the evidence does not fit these circumstances. The evidence was therefore inadmissible.

However, § 28-321 also requires a defendant who wishes to offer evidence of past sexual behavior to provide notice of such intention to the prosecuting attorney and file the notice with the court not later than 15 days before trial. Huebner's notice was filed on January 11, 1993, and the trial commenced on January 18. The notice was therefore untimely in any event.

However, Huebner argues that the evidence of prior sexual assault perpetrated upon the victim was admissible to rebut inferences derived from testimony offered by the State. The State presented the testimony of Boley, a social worker called as an expert witness to testify about the reasons children delay in reporting incidents of sexual abuse. Boley attributed the delay in reporting to several factors:

> Children many times don't believe they'll be believed. This is something that's happened that is out of the realm of reality for them, and so they're having a difficult time with it themselves believing it. If they tell someone, is somebody going to believe me? Another reason is that children believe they're going to be blamed for it, it's going to be their fault because everything that happens to children, from their perspective, they get blamed for it. They sometimes don't have the words, don't know how to explain what has happened because this is a totally new experience for them.
>
> Sometimes there have been other things that have happened and they've told about it and that they haven't been believed. They also worry about what this is going to mean to the family. Even if it's an outside-of-the-family person that has done this to them, they still worry about

how is my family going to be affected by what I tell.

Huebner claims that Boley's testimony left the jury with the impression that the victim waited to report because she had no prior similar experience. Therefore, the evidence of the prior sexual assault was admissible to rebut the inference that the sexual assault in question was outside the realm of the victim's reality.

Huebner is incorrect. Boley's testimony provided the jury with general information regarding a victim's reluctance to report a sexual assault. She provided several alternative reasons for a child's delay in reporting a sexual assault. She did not testify regarding the specific reasons this particular victim had for not reporting the assault sooner. In fact, Boley never examined the victim, and testified only to her experience with children who had been sexually assaulted. Accordingly, there was no abuse of discretion in excluding the evidence of the prior sexual assault.

## WITNESS TESTIMONY

### VICTIM'S TESTIMONY

Huebner's next assignment of error asserts that the victim should not have been allowed to testify because she did not make a complaint about the assault until approximately 6 to 7 months after the alleged assault had taken place. Huebner relies on a number of cases in which we stated:

> The rule is well established in this state that in a prosecution for sexual assault, the prosecutrix may testify in chief on direct examination, if within a reasonable time under all the circumstances after the act was committed she made complaint to another, to the fact and nature of the complaint, but not as to its details; and that others may likewise testify in chief to such fact and nature of the complaint, but not as to its details.

(Emphasis omitted.) *State v. Evans*, 212 Neb. 476, 481, 323 N.W.2d 106, 109 (1982).

Huebner's reliance on this rule is misplaced. The rule refers to corroborative evidence submitted after a victim has given direct testimony of an assault.

"[A]fter the prosecutrix has testified to the commission of

the offense, it is competent to prove in corroboration of her testimony as to the main fact that within a reasonable time after the alleged outrage she made complaint to a person to whom a statement of such an occurrence would naturally be made."

*State v. Chaney*, 184 Neb. 734, 738-39, 171 N.W.2d 787, 791 (1969).

The rule does not preclude the victim from providing direct testimony of the actual alleged assault. In the cases cited by Huebner, the issue was not whether the victims' direct testimony about the details of the assaults was inadmissible under the foregoing rule, but whether corroborative testimony of other witnesses regarding complaints of the assaults by the victims were admissible. See, *State v. Davis*, 214 Neb. 474, 334 N.W.2d 450 (1983) (defendant challenged corroborative testimony of investigating officer and doctor regarding complaint of sexual assault made by victim who offered direct testimony about assault); *State v. Evans, supra* (defendant challenged detailed corroborative testimony of other witnesses after victim offered detailed testimony describing assault which occurred 6 months prior to reporting the incident); *State v. Chaney, supra* (defendant challenged corroborative testimony of two witnesses to whom victim made complaint, and not victim's direct testimony about assault); *State v. Gero*, 184 Neb. 107, 165 N.W.2d 371 (1969) (victim's direct testimony of assault not challenged). See, also, *Peery v. State*, 163 Neb. 628, 80 N.W.2d 699 (1957). In the above cases, the victims gave direct testimony of sexual assault. The corroborative testimony of others regarding the sexual assault complaints made by the victims was what was challenged. The rule permits such testimony under certain circumstances to corroborate the testimony of a victim of sexual assault. The rule is not meant to prevent the victim of a sexual assault from providing direct testimony about the details of the assault, and we so hold. The trial court was correct in permitting the victim to testify about details of the alleged sexual assault perpetrated upon her even though there was a delay in reporting it.

## TESTIMONY OF OTHER WITNESSES

Huebner claims that the trial court erred in admitting the testimony of Rock, a social worker, and Ramirez, a counselor, as to the details of the sexual assault. In *State v. Smith*, 241 Neb. 311, 488 N.W.2d 33 (1992), this court upheld the admission of corroborative testimony under similar circumstances. The victim in *Smith* testified, and it was suggested during cross-examination that she had falsified her story of sexual abuse. Corroborative testimony by her mother and the investigating officer was challenged. The testimony of the mother and the investigating officer was held to be admissible to show that the victim had made prior consistent statements. Likewise, in this case, the victim testified prior to the testimony of Rock and Ramirez. During the victim's cross-examination, it was suggested that she had fabricated the story because she did not like the relationship between Huebner and her mother. The trial court did not abuse its discretion in admitting the challenged testimony as a prior consistent statement.

## DIRECTED VERDICT

Huebner next contends that the trial court erred in denying his motion for dismissal and a directed verdict at the close of the State's case because the State failed to meet its burden of proof. In *State v. Gray*, 239 Neb. 1024, 1027, 479 N.W.2d 796, 798 (1992), we stated:

> A defendant who moves for dismissal or a directed verdict at the close of evidence in the State's case in chief in a criminal prosecution, and who, when the court overrules the dismissal or directed verdict motion, proceeds with trial and introduces evidence, waives the appellate right to challenge correctness in the trial court's overruling the motion for dismissal or a directed verdict, but may challenge sufficiency of the evidence for the defendant's conviction.

Huebner claims that the State failed to prove beyond a reasonable doubt that the victim was under 16 years of age. The victim's mother testified that the victim was born in El Salvador and had been adopted by the mother. Huebner questioned the reliability of the Salvadoran documents relied upon to

determine the victim's age. According to the documents and testimony at trial, the victim was 12 years of age at the time the assault occurred. However, there was evidence suggesting that the victim was 2 to 3 years older than the age on the documents. Even if we accept as true Huebner's argument that the victim was 2 to 3 years older, the victim would have been only 15 years of age at the time of the assault and would still fall under the protection of the statute. After reviewing the entire record, we find the evidence was sufficient to support the conviction.

## LESSER-INCLUDED OFFENSE

Finally, Huebner contends that the trial court erred in refusing to instruct the jury on the lesser-included offense of sexual assault of a child as defined by Neb. Rev. Stat. § 28-320.01 (Reissue 1989).

A court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993); *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993). See, also, *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978).

Neb. Rev. Stat. § 28-319 (1)(c) (Reissue 1989) defines sexual assault in the first degree as occurring when "[a]ny person . . . subjects another person to sexual penetration and . . . the actor is nineteen years of age or older and the victim is *less than sixteen years of age* . . . ." (Emphasis supplied.)

Section 28-320.01 defines sexual assault of a child as occurring when any person "subjects another person *fourteen years of age or younger* to sexual contact and the actor is at least nineteen years of age or older." (Emphasis supplied.)

In *State v. Beermann*, 231 Neb. 380, 436 N.W.2d 499 (1989), we held that sexual assault of a minor was not a lesser-included offense of first degree sexual assault because a defendant could be convicted of the greater but not the lesser offense if the victim was 15 years of age.

Furthermore, an instruction on the lesser-included offense was not appropriate because there was no evidence submitted which would offer a rational basis for acquitting Huebner of the greater offense and convicting him of the lesser offense.

"Where the prosecution has offered uncontroverted evidence on an element necessary for a conviction of the greater crime but not necessary for the lesser offense, a duty rests on the defendant to offer at least some evidence to dispute this issue if he wishes to have the benefit of a lesser offense instruction."

*State v. Tamburano*, 201 Neb. at 707, 271 N.W.2d at 474, quoting *State v. McDonald*, 312 Minn. 320, 251 N.W.2d 705 (1977). The State presented evidence specifically intended to prove that Huebner digitally penetrated the victim in December 1989. It offered the testimony of the victim, who testified that Huebner had come into her room and digitally penetrated her. The State offered the victim's mother's testimony that she was with Huebner's parents on the day of the alleged assault. Huebner was not entitled to the lesser-included-offense instruction because he completely denied any inappropriate behavior with the victim and, in fact, based his defense on the theory that he was not at the home of the victim when the incident allegedly occurred. Thus, the trial court was correct in refusing to instruct the jury on the lesser-included offense of sexual assault of a child.

## CONCLUSION

We find that the trial court did not abuse its discretion in the challenged rulings before us. Therefore, we affirm the conviction of Huebner.

AFFIRMED.